Steven CLARK, Plaintiff,

v.

**TENNESSEE VALLEY AUTHORITY and Bear Creek Development Authority, Defendants.**

Civ. A. No. 84–AR–5485–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

Jan. 7, 1985.

Charles D. Rosser, Rosser & Munsey, Tuscumbia, Ala., for Steven Clark.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Melvin L. Harper, Peter K. Shea, Tennessee Valley Authority, Knoxville, Tenn., for TVA.

James K. Davis, Fite, Davis & Atkinson, Hamilton, Ala., for Bear Creek.

William M. Bouldin, Guin, Bouldin & Alexander, Russellville, Ala., for Bear Creek Dev. Auth.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motions for judgment on the pleadings and, in the alternative, for summary judgment, filed by defendants Tennessee Valley Authority (TVA) and Bear Creek Development Authority (BCDA).

The complaint of Steven Clark (Clark), as limited by the pre-trial order of December 20, 1984, charges TVA and BCDA with negligence and wanton misconduct in the maintenance, operation and supervision of the Cedar Creek dam and reservoir by defendants' alleged failure to warn plaintiff of the safe distance for a boat to maintain in relation to the spillway over which Clark's boat fell while he was fishing in the reservoir after paying BCDA a fee for issuing Clark a permit to fish there. Clark's complaint contains no allegation of malicious or willful misconduct by either defendant.

■ Defendants set up several defenses which they assert are absolute based on the pleadings and the undisputed facts. The court will only discuss the defense with which it agrees, namely, that defendants owed Clark no duty except the duty not willfully or maliciously to injure him, and that as a matter of law defendants did nothing and failed to do nothing constituting willful or malicious conduct toward Clark, and, in fact, did and failed to do nothing which constituted even the wanton misconduct which Clark alleges.

■ Sections 35–15–1 through 5, Code of Ala. (1975) defines and limits the duties of a recreational land owner in relation to persons using his premises for recreational purposes. Such an owner, whether public or private, owes no duty whatsoever to provide safe premises to users. These statutory provisions recognize only potential liability "which otherwise exists for *willful* or *malicious* failure to guard or warn against a dangerous condition, use, structure or activity ...". (emphasis supplied).

A very recent similar fact situation was addressed by Honorable E.B. Haltom, Jr. in *Russell v. Tennessee Valley Authority,* 564 F.Supp. 1043 (N.D.Ala.1983). This court simply borrows what Judge Haltom said in that case, and applies it here.

> This court agrees with TVA's argument that the facts presented here would not support an allegation of willful and malicious injury even if alleged.

Judge Haltom's language fits the instant case like a glove. The instant fact situation contains no hint of any active or knowing failure by either defendant *vis-a-vis* plaintiff, particularly when the condition which caused plaintiff's injury was one necessary to the operation of the reservoir, one which was not hidden, and a condition which a person situated as plaintiff was situated, using reasonable skill, could reasonably be expected to avoid. See *Wright v. Ala. Power Co.,* 355 So.2d 322 (Ala.1978); and *Driskill v. Ala. Power Co.,* 374 So.2d 265 (Ala.1979).

Sections 35–15–20 through 28, Code of Ala. (1975) (1984 Supp.) applies to noncommercial public recreational landowners such as defendants, and provides them with even tighter limitations than §§ 35–15–1 through 5, as to their exposure to liability to recreational users. This 1981 piece of legislation recognizes a public policy in Alabama to encourage public owners to allow the opening up and promotion of their facilities without exposing themselves to law suits. This court will not second guess this legislative intent.

There is nothing among the undisputed facts of this case, nor, for that matter, among the disputed facts, which provides Clark a way around this combination of Alabama statutory limitations on defendants' liability.

Clark argues that the 1981 Act (§ 35–15–20 through 28) repealed the prior Act (§ 35–15–1 through 5) because of alleged

**132**

inconsistencies between the two acts in light of the repealer clause included in the 1981 Act. The court disagrees and finds that while the two acts perhaps overlap, both provide limitations on defendants' liability under the facts of this case.

■ It is unnecessary for the court to decide whether or not the warning signs, which defendants' affidavits and sworn answers to interrogatories claim were in place near the spillway at the time of the accident, were, in fact, in place at that time or that they were placed in a position effectively to warn persons situated as Clark was situated. However, the court does express its belief that Clark's deposition testimony on this subject is so weak as compared to the TVA affidavits and photographs, as to invite a directed verdict if the case should go to trial. If the warning signs were in place as defendants' affidavits and photographs indicate, it is clear that defendants were not guilty of willful, or malicious, or even wanton conduct, and construing the facts most favorably to Clark, constituted mere negligence, for which there can be no liability by TVA or BCDA.

The fact that plaintiff's complaint alleges only negligence and wanton misconduct, and not willful or malicious conduct, is not without significance. There is a distinction between wantonness and willfulness or maliciousness. Clark has not sought to correct any possible pleading error and apparently recognizes the impossibility under these circumstances of proving "willfulness" or "maliciousness". The court therefore must take Clark's pleading, and the pre-trial order which Clark subscribed to, as the court finds them. Clark has failed to allege a cause of action, much less to counter defendants' Rule 56 motion.

For the foregoing reasons, defendants' motions for summary judgment and for judgment on the pleadings are due to be granted and will be granted by separate order.