Avis GRICE, Plaintiff,

v.

CITY OF DOTHAN, Defendant.

Civ. A. No. 87–D–0011–S.

United States District Court,
M.D. Alabama, S.D.

Sept. 25, 1987.

Shay Samples, of Hogan, Smith, Alspaugh, Samples & Pratt, P.C., Birmingham, Ala., for plaintiff Avis Grice.

Mike Brock, of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, Ala., for defendant City of Dothan.

## MEMORANDUM OPINION

DUBINA, District Judge.

This cause is now before the Court on a motion for summary judgment filed herein by the defendant, City of Dothan, Alabama, on August 26, 1987. Pursuant to said motion, the defendant seeks an order from this Court granting summary judgment in its favor and against the plaintiff for the relief demanded in the complaint. In support of said motion, the defendant relies upon all pleadings of record, including the defendant's answers to the plaintiff's interrogatories filed on September 9, 1987. The defendant also submitted a memorandum brief. On September 8, 1987, the plaintiff, Avis Grice, as mother of her deceased child, Bryan Grice, filed a response and brief in opposition to the defendant's motion for summary judgment.

This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332 and amount in controversy.

Having considered all of the above, this Court is of the opinion that for the reasons expressed below, the defendant's motion for summary judgment is due to be granted as a matter of law.

Rule 56(c), *Fed.R.Civ.P.*, provides that summary judgment may be granted only:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Accordingly, when considering a motion for summary judgment, the Court must refrain from deciding any material factual issues. Instead, the Court's sole function on a motion for summary judgment is to determine whether there exist issues of material fact to be tried, and, if not, whether the moving party is entitled to a judgment as a matter of law. *See Dominick v. Dixie Nat. Life Ins. Co.*, 809 F.2d 1559 (11th Cir.1987);

*Tippens v. Celotex Corp.*, 805 F.2d 949 (11th Cir.1986); and *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406 (5th Cir. 1980). Moreover, in performing this function, inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing summary judgment. In other words, all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *See United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Tippens v. Celotex Corp., supra;* and *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352 (11th Cir.1986).

As to the burden of proof on a motion for summary judgment, it is clear that the movant bears the exacting burden of showing both that there is no actual dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Combs v. King*, 764 F.2d 818 (11th Cir.1985). In clarifying the proper allocation of this burden, the United States Supreme Court has stated that:

[W]e are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict —"whether there is [evidence] upon which a jury [could] properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." (Citations omitted.)

\* \* \* \* \* \*

Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden.... The question is whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of evidence required by the governing law or that he did not.

\* \* \* \* \* \*

Our holding, ... [however] does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. (Citations omitted.) Neither do we suggest that the trial court should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. (Citations omitted.)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, —— ——, 106 S.Ct. 2505, 2512–16, 91 L.Ed.2d 202, 214–16 (1986). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Having applied the above rules and principles of law to the instant motion for summary judgment, and having considered all evidence offered in support of and in opposition to the same, this Court is of the opinion that no genuine issue of material fact exists herein and the defendants are entitled to a judgment as a matter of law.

## I. CONTENTIONS OF THE PARTIES.

The defendant claims it is entitled to a judgment as a matter of law because the plaintiff's claim is barred by §§ 35–15–1

through 5, *Code of Alabama* (1975), and §§ 35–15–20 through 28, *Code of Alabama* (1975), which protects an owner of land from liability, where the land is made available to the public for non-commercial recreational use except where the conduct of the *landowner is willful* and malicious.[1]

The plaintiff argues that § 35–15–3, *Code of Alabama* (1975) and the public policy of Alabama create an exception for a minor child who enters upon the land.

## II. FACTS

The property called Bauman's Pond is owned by the City of Dothan and is maintained as a public park within the city limits of said municipality. The property was deeded to the city on November 30, 1967, by warranty deed and was accepted and recorded by the city commissioners as a public park.[2] This property has been used, since its acquisition by the city, as a non-commercial recreational park used primarily for fishing and picnicking. The city does not permit swimming and "No Swimming" signs have been posted around the lake for at least the last eight years. (*See* defendant's answers to plaintiff's interrogatories.)

On the morning of June 13, 1985, Bryan Grice, the plaintiff's minor child, and two friends made their way from the Westgate Apartments to Emerald Lake. While playing at the site of the pond, Bryan Grice entered the water to wade or swim and was drowned. Avis Grice, Bryan's mother, filed this action on January 6, 1987.

## III. DISCUSSION

The defendant claims that it is protected from liability as an owner of land pursuant to Chapter 15 of Title 35 of the *Code of Alabama.* Chapter 15 of Title 35 delineates the duty of care owed to persons on a premises for sporting or recreational purposes. Article 2 of Chapter 15 limits liability for owners of land who dedicate their property for non-commercial public recreational use. The only exception to the limitation of liability provided in Article 2 of Chapter 15 is found in § 35–15–24 which reads in pertinent part as follows:

(a) Nothing in this article limits in any way legal liability which otherwise might exist when such an owner has actual knowledge:

(1) That the outdoor recreational land is being used for non-commercial recreational purposes;

(2) That a condition, use, structure, or activity exists which involves an unreasonable risk of death or serious bodily harm;

(3) That the condition, use, structure, or activity is not apparent to the person or persons using the outdoor recreational land; and

(4) That having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences.

---

**1.** On August 31, 1987, the plaintiff requested leave of the Court to amend her complaint so as to add a count of wantonness. On September 11, 1987, the Court entered an order denying the plaintiff's motion for leave to amend her complaint as untimely filed. This Court is, however, of the opinion that the addition of a wanton count would not have aided the plaintiff in her attempt to overcome the statutory bar to liability. Judge Acker in his opinion in *Clark, supra,* discusses the difference between wantonness and the statutorily required willful or malicious conduct. The Court in *Clark, infra,* at 132 held:

The fact that plaintiff's complaint alleges only negligence and wanton misconduct, and not willful or malicious conduct, is not without significance. There is a distinction between wantonness and willfulness or maliciousness.

Clark has not sought to correct any possible pleading error and apparently recognizes the impossibility under these circumstances of proving "willfulness" or "maliciousness." The Court, therefore, must take Clark's pleading, and the pre-trial order which Clark subscribed to, as the Court finds them. Clark has failed to allege a cause of action, much less to counter defendants' Rule 56 motion.

In the instant case, the plaintiff attempted to add a wanton count to her complaint, but in light of the opinion in *Clark, supra,* and the authorities cited by this Court in its order denying the plaintiff leave to amend, such an attempt was too little and too late.

**2.** The land was to be known as Remson Park which contained a lake designated as Emerald Lake. *See* defendant's Exhibit A.

(b) The test set forth in subsection (a) of this section shall exclude constructive knowledge by the owner as a basis of liability and does not create a duty to inspect the outdoor recreational land.

(c) Nothing in this article shall be construed to create or expand any duty or ground of liability or cause of action for injury to persons on property.

The facts in *Clark v. Tennessee Valley Authority*, 606 F.Supp. 130 (N.D.Ala.1985) are both instructive, persuasive in analysis, and they are similar to the facts presented in the instant case. In *Clark*, the plaintiff claimed the defendant failed to adequately warn the plaintiff of a spillway operating over the Cedar Creek Dam. The district court in *Clark* held that §§ 35–15–1 through 5, *Code of Alabama* (1975), declared that the owner of recreational land owed no duty to persons using said premises for recreational purposes. There would only be potential liability "which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity...."

There are no facts before this Court, submitted by the plaintiff, which would indicate malicious or willful behavior on the part of the defendant herein. Indeed, willful and/or malicious conduct has not been pleaded by the plaintiff in this case. *See Russell v. Tennessee Valley Authority*, 564 F.Supp. 1043 (N.D.Ala.1983). Further, §§ 35–15–20 through 28, *Code of Alabama* (1975) (1984 Supp.), further limits the liability of owners of land who dedicate their property for non-commercial recreational use. This Court is of the opinion that the defendant City of Dothan falls squarely into the coverage provided by §§ 35–15–20 through 28, *supra*. These sections declare that the public policy of Alabama is to encourage the donation of non-commercial recreational property without exposing the owners of such property to liability. As the Court stated in *Clark, supra,* at 131, this Court will not question the clear expression of this legislative intent. *See, Jennett v. United States*, 597 F.Supp. 110 (D.Conn.1984). This Court finds, as did the Court in *Clark*, that Articles 1 and 2 of Chapter 15 are to be read complimentary to

each other and that the provisions of Article 2 do not repeal the provisions contained in Article 1.

The plaintiff argues that there is evidence that prior drownings occurred in Emerald Lake and that the knowledge of these drownings by the City of Dothan brings the plaintiff's claim within the exception to the limitation of liability found in § 35-15-24, *supra*. It is clear from reading section 24 that actual knowledge, not constructive knowledge, must exist of a "condition, use, structure, or activity which involves an unreasonable risk of death or serious bodily harm," and that the owner chose to disregard the consequences of the danger and not warn the public. The plaintiff's argument is without merit because it is completely lacking in a factual basis. The plaintiff has submitted no evidence outside the naked allegations contained in her complaint in support of her argument. Rule 56(e), *Fed.R.Civ.P.*, does not permit a party opposing summary judgment to rest upon the mere allegations or denials of the adverse party's pleading. The adverse party's response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. The commentary to Rule 56(e) explicitly rejects "well pleaded" averments, such as those submitted by the plaintiff, as a substitute for sufficient evidentiary matter.

The plaintiff would also have this Court consider the minority of the plaintiff's decedent as a mitigating circumstance to the express commands of the Alabama Legislature found in Chapter 15. In *Motes v. Matthews*, 497 So.2d 1121 (Ala.1986), a case cited by the plaintiff for the proposition that special exceptions exist for children, the Alabama Supreme Court emphasizes that a duty is owed only to a trespassing child if physical harm to the child results from an artificial condition on the land. The Alabama Supreme Court adopted § 339 Restatement (2nd) of Torts as a description of the duty owed to a trespassing child. However, the facts in *Motes, supra,* at 1123, separate the public policy pronounced by the Alabama Supreme Court

from the legislative intent expressed in § 35–15–20, *Code of Alabama* (1975) (1984 Supp.). In *Motes, supra,* the hazardous condition on the land was a "borrow" pit, commercial in use, and the defendants knew that children played around it. The excavated area had no fence and no warning signs or signs prohibiting trespassing. It is clear from the facts in *Motes, supra,* that the property in question was not land which had been dedicated to the public for non-commercial recreational use in conformity with Chapter 15 of Title 35 of the *Code of Alabama.* The purpose for which the property is maintained is clearly the key distinction by which the public policy and law of Alabama is determined in this area. It is without dispute that Emerald Lake is a publicly dedicated, non-commercial, recreational park which is covered by the limitation of liability provided for in Chapter 15 of Title 35, *Code of Alabama.* Furthermore, §§ 35–15–21(4) specifically provides that the definition of person shall be "any individual *regardless of age, maturity or experience.*" (Emphasis added.) It is obvious to this Court that the Alabama Legislature did not intend for minors to be treated any differently from adults relative to the duty owed to them by landowners under §§ 35–15–20 through 28.

This Court finds, as a matter of law, that §§ 35–15–20 through 28 shields the defendant, City of Dothan, from this action for negligence brought by the plaintiff Avis Grice. Accordingly, it is the opinion of this Court that the defendant's motion for summary judgment is due to be granted and the complaint in this cause dismissed with prejudice.