STEAGALL, Justice.
Linda Gayle Keenum appeals from the summary judgment in favor of the City of Huntsville on her suit against it for damages based on alleged negligent and reckless maintenance of a spiral slide at Brahan Spring Park. Her foot was severely injured when she went down the slide and her shoe was caught in a hole in the side of the slide. She alleged in her complaint that a presumption exists that the City of Huntsville had actual knowledge of the condition of the slide. Her husband, Hew-ey Keenum, sued the City based on an alleged loss of consortium. The court’s summary judgment also disposed of his claim, based on a failure to comply with the statute of nonclaims. He also appeals.
Sections 35-15-1 through -5 and §§ 35-15-20 through -28, Ala. Code 1975, generally insulate a municipality from liability regarding the noncommercial use of recreational land it owns and which is open to the public. The Alabama Legislature, however, created an exception for dangerous conditions of which the owner has actual knowledge:
“Section 35-15-24. Otherwise existing liability not limited.
“(a) Nothing in this article limits in any way legal liability which otherwise might exist when such owner has actual knowledge:
“(1) That the outdoor recreational land is being used for non-commercial recreational purposes;
“(2) That a condition, use, structure, or activity exists which involves an unreasonable risk of death or serious bodily harm;
“(3) That the condition, use, structure, or activity is not apparent to the person or persons using the outdoor recreational land; and
“(4) That having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences.
“(b) The test set forth in subsection (a) of this section shall exclude constructive knowledge by the owner as a basis of liability and does not create a duty to inspect the outdoor recreational land.”
(Emphasis added.)
The trial court’s summary judgment for the City of Huntsville reads, in pertinent part, as follows:
“This action is before the Court on the defendant’s motion for summary judgment. Upon consideration of the pleadings, the affidavits of the parties, the briefs of counsel, and oral arguments, this Court concludes that: (1) there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law; (2) the claims of plaintiff Hewey Keenum are barred because of his failure to file a statement of his claim within the period prescribed by the applicable statute of non-claims (Ala.Code [1975], § 11-47-23); and (3) as to the claims of plaintiff Linda Gayle Keenum, there is no distinction under the laws of Alabama between the concepts of ‘implied actual knowledge,’ asserted by plaintiff’s counsel, and ‘constructive knowledge,’ which was expressly excluded by the Alabama Legislature *1077 'as a basis [for] liability,’ Ala.Code [1975], § 35-15-24(b) (Supp.1989).
“Accordingly, it is ORDERED, ADJUDGED and DECREED that defendant’s motion for summary judgment be, and the same hereby is, granted [as to] all claims of plaintiffs.... ”
Mrs. Keenum argues that, notwithstanding the general statutory limitations on the City of Huntsville’s liability, the City is nonetheless liable to her under the common law because, she argues, it assumed a duty to repair the slide prior to her accident. While the record does contain several work order forms regarding repairs at Brahan Spring Park, none of those requests pertains to the slide. We find in the record no evidence that the City of Huntsville undertook to repair the hole in the slide or that it had actual knowledge of the condition of the slide.
The affidavit of Kenneth Gipson, director of the City of Huntsville Parks and Recreation Department, states, in part:
“I have checked the Parks and Recreation Department records to determine whether any reports of a damaged slide or a hole in a slide at Brahan Spring Park were received on or about May 6, 1988 [the date of Keenum’s injury], or any time during the preceding two years. There are no such reports.
"... Neither I nor any of the employees of the City of Huntsville Parks and Recreation Department have any knowledge that any of the slides at Brahan Spring Park were broken or damaged on or about May 6, 1988. Neither I nor any of the employees of the City of Huntsville Parks and Recreation Department have any knowledge that there was a hole in any of the slides at Brahan Spring Park on, about, or prior to May 6, 1988.”
In a case similar to this one, Grice v. City of Dothan, 670 F.Supp. 318 (M.D.Ala. 1987), the federal district court, interpreting § 35-15-24, held that there must be a factual basis to support an allegation of actual knowledge and that reliance on the pleadings alone is insufficient to establish that basis. We agree with that interpretation. The City made a prima facie showing that it had no actual knowledge of the hole in the slide. That showing was not controverted. Although Mrs. Keenum, in her complaint and in her brief, makes allegations of actual knowledge, she has provided no facts — i.e., no “substantial evidence”— suggesting that the City had actual knowledge. Thus, the summary judgment as to Mrs. Keenum’s claim was proper. See Rule 56, A.R.Civ.P., and see Poole v. City of Gadsden, 541 So.2d 510 (Ala.1989), and Glover v. City of Mobile, 417 So.2d 175 (Ala.1982), for related discussions of § 35-15-1 et seq.
Based on the foregoing, the summary judgment for the City of Huntsville is affirmed as to Mrs. Keenum’s claim. The summary judgment is also affirmed as to Mr. Keenum’s derivative claim.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.