326 So.2d 129

**Jack GLOVER and Marilyn Glover, Jointly and Individually**

v.

**MERCHANTS ADJUSTMENT SERVICE.**

**Civ. 676.**

Court of Civil Appeals of Alabama.

Jan. 14, 1976.

Fred F. Smith, Jr., Fairhope, for appellants.

HOLMES, Judge.

This is an appeal by the defendants, Jack and Marilyn Glover, from a summary judgment entered for the plaintiff, Merchants Adjustment Service.

The only assignment of error is that the trial court erred to reversal in granting the summary judgment.

The record reveals the following pertinent information. The plaintiff, as assignee of two hospitals, one clinic and a veterinary hospital, brought suit against defendants. The suit was for money due by account and attached to the complaint was a statement of account which was itemized and verified. To the complaint the defendants filed a general denial alleging that they were not indebted to Merchants Adjustment Service. This answer was signed by the Glovers and was sworn to.

Thereafter, the plaintiff, Merchants Adjustment Service, moved for summary judgment. This motion was accompanied by detailed affidavits from appropriate officials of the clinic, hospitals and veterinary hospital. All the affidavits were to the effect that the plaintiffs were indebted to the various establishments. The Glovers then filed with the trial court an "ANSWER TO THE MOTION FOR JUDGMENT." The answer reads as follows:

"Comes now JACK GLOVER and MARILYN GLOVER and in answer to the affidavit filed in this cause by the respective parties say that they and each of them are not liable to MERCHANTS ADJUSTMENT SERVICE nor to any of the respective assignors for any services or goods rendered for them or delivered to them and they further state that as to these respective accounts of Bay Medical Clinic, Doctors Hospital of Mobile, Eastern Shore Animal Clinic and Thomas Hospital, that they have not received goods or services from them or that they have paid the account in full for such goods and services rendered to them.

"JACK GLOVER and  
MARILYN GLOVER  

"BY: /s/ Fred F. Smith, Jr.  
Fred F. Smith, Jr.,  
their Attorney  
P. O. Box 487  
Fairhope, Al 36532"

The above was not sworn to.

The next permanent action taken by the trial court was the granting of the motion for summary judgment and the entering of a judgment for the plaintiff. It is this action that is appealed from. Subsequent ac-

**64**

tions, as revealed by the record, are not relevant to this appeal.

It is clear from the above that the original answer of the Glovers and their unsworn answer to the motion for summary judgment are mere general denials to the complaint and affidavits of plaintiffs.

Rule 56(e) of ARCP provides in pertinent part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, *by affidavits* or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added)

A party adverse to a summary judgment motion cannot rest upon his pleadings once sworn affidavits have been introduced. *Adams v. U. S.*, 302 F.Supp. 1147 (D.C.Pa.1969). In this instance the defendants have attempted to so rest. The burden in this instance was cast upon the defendants by the motion for summary judgment and its accompanying affidavits to present, by counter affidavits of their own, facts controverting those of plaintiff. Their unsworn general denial of plaintiff's motion and supporting affidavits do not, in this instance, meet this burden.

We therefore find the appropriate materials on file with the trial court show that there is no genuine issue as to any material fact and the trial court did not err in granting the motion for summary judgment.

The case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.