CANAL INSURANCE COMPANY *v.*
FIRST NATIONAL BANK OF
FORT SMITH, ARKANSAS et al

79-288                                         596 S.W. 2d 709
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Hardin, Jesson & Dawson,* and *Jones, Gilbreath & Jones,* for petitioner.

*Shaw & Ledbetter,* for respondents.

DARRELL HICKMAN, Justice. We granted review of this decision by the Court of Appeals because one question dealt with concerns the Commercial Code and its application.

That question was whether an instrument which purported to be a draft, containing the language, "Upon Acceptance . . . Payable Through the South Carolina National Bank, Greenville, South Carolina," was a negotiable instrument. The Court of Appeals held that it was.

The other issue in the case concerned a hold-harmless agreement which International Harvester Credit Corporation signed with Canal Insurance Company. The Court of Appeals held that the hold-harmless agreement did not apply in this case and therefore denied Canal Insurance Company any relief.

Since we agree wholeheartedly with the decision of the Court of Appeals in all respects, it would serve no useful purpose to simply recite the facts and the law. We adopt the opinion of the Court of Appeals in this case as our own and as it is reported. *Canal Insurance Co.* v. *First National Bank,* 266 Ark. 1044, 596 S.W. 2d 710 (Ark. App. 1979).

In addition to reviewing the record in this case we submitted the briefs and the Court of Appeals' decision to the American Bar Association Permanent Editorial Board for the Uniform Commercial Code asking for an advisory opinion on the question concerning the Commercial Code. This is a practice we sometimes utilize when questions involving the Commercial Code arise; this is so that our decision will be made with as much knowledge as possible regarding the import of such a decision. Uniformity in the application of the Code, which has been adopted by most states, is a much desired objective. The Advisory Board, in a letter to us, stated in part:

Upon consultation with members of the Board, it became apparent that the predominant view was that the opinion of the Court of Appeals was so clearly right that no submission on behalf of the Board was in order. We believe that the opinion of the Court of Appeals adequately discusses both the relevant statutory provisions and the applicable case law in Arkansas and in other jurisdictions.

The letter from the Board was submitted to all the parties and an opportunity was given to them to respond to the letter; oral arguments were heard in this case. After all considerations, we conclude the Court of Appeals was correct and, therefore, we affirm the decision of the Court of Appeals in all respects.

Affirmed.