PER CURIAM.
This is an appeal from the trial court’s action granting a motion for summary judgment.
Appellant, Gregory Sullivan, contends the trial court violated certain constitutional rights when it ruled in favor of South Central Bell’s motion for summary judgment.
Mr. Sullivan’s constitutional arguments regarding the trial court’s failure to allow him a trial by jury, etc., are clearly without merit. Rule 56, A.R.C.P. The dispositive issue is whether the trial court erred in granting South Central Bell’s motion for summary judgment. We find the trial court acted properly and affirm.
The record reveals the following pertinent facts: Mr. Sullivan executed a promissory note payable to South Central Bell and defaulted on the note shortly thereafter. A complaint was filed by the company to collect the debt owed by Mr. Sullivan.
Mr. Sullivan’s motion to dismiss the complaint was denied. He then filed a lengthy answer and a counterclaim to which the company responded with a motion to strike. Later, Mr. Sullivan filed an amended answer and counterclaim. The company filed a second motion to strike.
South Central Bell then filed a motion for summary judgment on its claim for money owed by Mr. Sullivan to the company. Affidavits and other supporting documents attached to this motion showed the debt was owed by Mr. Sullivan, thus establishing that there was no genuine issue of material fact.
The trial court ruled in the company’s favor on its motions to strike Mr. Sullivan’s answer, counterclaim, amended answer, and amended counterclaim.
The trial court then gave appropriate notice to the parties that a hearing would be held on appellee’s motion for summary judgment. Mr. Sullivan failed to appear at the hearing or offer counter affidavits in opposition to South Central Bell’s motion and supporting affidavits. The trial court granted the company’s motion for summary judgment for the amount owed on the promissory note, plus interest, costs and an attorney’s fee.
As indicated, Mr. Sullivan appeals, pro se, from the trial court’s action granting summary judgment and we affirm.
It is clear that a copy of South Central Bell’s motion was mailed to Mr. Sullivan in accordance with rule 56. The trial court, in its order, states that Mr. Sullivan had notice of the hearing upon such motion.
The burden, then, in this instance, was on Mr. Sullivan to respond to the company’s motion with counter affidavits to show there was a genuine issue of material fact so that summary judgment would be improper. Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976). A party opposing a motion for summary judgment may not rest upon the mere denials or allegations in his pleadings. Underwood v. Barbour County Board of Education, 372 So.2d 22 (Ala.1979).
Mr. Sullivan failed to respond to the company’s motion by filing a counter affidavit. He did not appear at the hearing before the trial court. Mr. Sullivan’s failure to offer any affidavit or other testimony to contradict the evidence presented by South Central Bell left the trial court no alternative but to consider that evidence as uneontro-verted. Mims v. Louisville Title Insurance Co., 358 So.2d 1028 (Ala.1978). The trial court, in the instant action, properly granted the company’s motion for summary judgment since Mr. Sullivan failed to produce even a scintilla of evidence that there was a genuine issue of material fact.
*155 In light of the foregoing, we find it unnecessary to discuss the other issues raised by Mr. Sullivan on appeal.
AFFIRMED.
All the Judges concur.