SHORES, Justice.
Jerry Lewis and Marcelle Lewis, personal guarantors of debts incurred by Boulder, Inc., on its open account with Haleyville Mobile Home Supply (HMH), appeal from a summary judgment entered in favor of HMH in this action to collect the corporate debt. We affirm.
The material facts are undisputed. Boulder owes HMH $33,736.76 on open account. Jerry Lewis and Marcelle Lewis, by written agreement with HMH, personally guaranteed payment on the account, to a maximum amount of $30,000.00. The agreement also provided that the guarantors would pay “a reasonable attorney’s fee and all costs and expenses which may be incurred by Creditors [HMH] in the collection of any account due by Debtor [Boulder] or in the enforcement of the Guaranty.” HMH filed this action and sought recovery of the debt against Boulder and the personal guarantors. Boulder was dismissed from the suit after it filed a “Suggestion of Bankruptcy,” stating that it had filed a petition for relief in the U.S. Bankruptcy *692 Court and that the petition was still pending.
HMH moved for a summary judgment against the guarantors. Accompanying the motion was an affidavit by Tom Casey, the general manager of HMH, stating the amount due and the fact of the guaranty agreement. In addition, Casey stated that “the reasonable and customary contingency fee [for] collections in this area is one third of the amount of the claim which Haleyville Mobile Home Supply, Inc., claims on this Guaranty Agreement,” which, of course, would be $10,000.00. The trial court originally awarded HMH’s counsel a-fee of one third of the amount guaranteed and then, following a hearing on the guarantors’ motion for new trial, reduced the fee to $6,000.00, which is twenty percent of the debt.
The only evidence offered by the guarantors in opposition to Casey’s affidavit is an affidavit of Marcelle Lewis, secretary of Boulder, in which she stated that she and her husband, Jerry Lewis, are unable to defend themselves or verify the amount of the indebtedness because Boulder’s corporate records are in the possession of the bankruptcy trustee. They admit all other material facts.
The rule regarding the form and content of affidavits in opposition to motions for summary judgment appears in Day v. Merchants National Bank of Mobile, 431 So.2d 1254 (Ala.1983):
“Under Rule 56(e), ARCP, an opposing affidavit must be made on personal knowledge, and must set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated. The rule is stated in Butler [v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala.1981) ]:
“ ‘It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56, Alabama Rules of Civil Procedure, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala.1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976). Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the mov-ant’s evidence. Arrington v. Working Woman’s Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1977). The scintilla rule cannot be satisfied by speculation and the evidence presented must be supported by at least a reasonable inference. Ar-rington v. Working Woman’s Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1976).’
“402 So.2d at 952.”
431 So.2d at 1256-1257.
The guarantors did not present any falcts which controvert the facts in support of the motion for summary judgment. They do not dispute the amount of the debt nor the fact that they guaranteed it up to $30,000.00. Their alleged inability to verify the amount of the debt does not amount to an assertion that the amount claimed is disputed.
Furthermore, the trial judge gave the guarantors an opportunity to adduce facts in opposition to the motion for summary judgment. He continued the hearing on the motion for twenty-one days to give the guarantors time to subpoena the corporate records and books from the bankruptcy trustee. When they reappeared before the trial court after the continuance, they conceded on the record that no. subpoena duces tecum had been issued. Absent any good faith attempt by the guarantors to obtain the records alleged to be necessary to their defense, the trial court properly ruled on the motion for summary judgment following the continuance. Rule 56(f), A.R.Civ.P.
The guarantors also argue on appeal that there was no proof by HMH on *693 the reasonableness of the award of attorney’s fees. However, they expressly state in their brief that they do not challenge the reasonableness of the amount of fees awarded; they only assert that there was no proof on this issue. It is true that the only evidence of record regarding attorney’s fees is the statement by Casey in his affidavit that one third of the debt was the customary fee for collections in the area. Again, the guarantors offered no contradictory evidence on what is a reasonable amount to award as a fee for this type of case. Under these circumstances, we cannot say that there was no evidence upon which to fix the attorney’s fee.
The moving party having carried its burden to negate the existence of any material issue of fact, the burden shifted to the guarantors to raise a genuine issue of material fact. This they failed to do. The only evidence before the trial court, by Casey’s affidavit and through oral testimony by Casey, established without contradiction that the debt is due and owing in the amount of $33,736.76, and that the Lewises personally guaranteed payment of the first $30,000.00. The trial court’s summary judgment in favor of HMH was proper and is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.