547 So.2d 840 (1989)
HOME BANK OF GUNTERSVILLE
v.
PERPETUAL FEDERAL SAVINGS AND LOAN ASSOCIATION.
87-1325.
Supreme Court of Alabama.
May 5, 1989.
Rehearing Denied June 23, 1989.
Ralph Smith, Jr., Guntersville, for appellant.
John P. Burbach of Butler & Royer, Huntsville, for appellee.
KENNEDY, Justice.
The defendant, Home Bank of Guntersville, appeals from a summary judgment for the plaintiff, Perpetual Savings and Loan Association. We affirm.
The issues we address on appeal are whether the defendant's counsel was competent to testify by affidavit in behalf of his client; whether there was substantial *841 evidence supporting any issue of fact that would permit submission to the trier of fact; whether a "bank money order" is subject to countermand; and whether the defendant is a "holder in due course" under Code 1975, § 7-3-302(1).
The evidence shows that on July 20, 1987, the Home Bank of Guntersville ("Home Bank") issued a bank money order payable to Floyd Ramsey in exchange for cash or other valuable consideration from Ramsey. The bank money order was deposited at Perpetual Federal Savings and Loan Association ("Perpetual") in South Carolina on July 28, 1987. Between July 20, 1987, and August 5, 1987, when Ramsey presumably placed a stop payment order on the bank money order, withdrawals were made from the bank money order deposit, depleting the entire $17,000.00. Perpetual received notice of Ramsey's stop payment order on August 6, 1987. Home Bank refused to accept and pay the bank money order upon presentment by Perpetual.
On September 30, 1987, Perpetual brought suit in the Circuit Court of Marshall County, alleging that Home Bank had failed or refused to accept and pay Home Bank's bank money order that was negotiated to Perpetual. Perpetual filed a motion for summary judgment based upon the pleadings, facts deemed admitted, an affidavit, and a brief. Home Bank opposed the motion by filing an affidavit of its general counsel, who was also representing it in the action.
The affidavit of Home Bank's attorney stated:
"I am general counsel for the Home Bank and as such have full knowledge of the facts in this matter. Payment on the bank money order was stopped by our customer in as much as the money order was stolen and contained a forged endorsement....
"The bank money order made the basis of this law suit contains the following language on its face `Payable at par anywhere through Federal Reserve System'... which restricts the negotiability to those institutions under the Uniform Commercial Code and of which the Plaintiff in this case is not such a member."
The trial court entered summary judgment for Perpetual and stated in its order, inter alia:
"[I]t is noted that the defendant's atty's [sic] affidavit is insufficient under the law in that the affiant, the defendant's atty [sic] would not be entitled to testify as such and that his knowledge, even if accurate, would have come to him only through hearsay testimony; it is therefore Adjudged that the motion for summary judgment is hereby granted...."
Home Bank argues that, although it may be ethically improper for counsel of a party in a case to testify as a witness without withdrawing from the litigation, a lawyer is a competent witness to testify in behalf of his client.
It is apparent from the facts of this case that Home Bank's lawyer should not have testified in behalf of his client. We find no exceptions in this case to the prohibitions of Disciplinary Rule 5-101(B)(1), (2), (3), and (4), Code of Professional Responsibility of the Alabama State Bar, that would permit Home Bank's lawyer to testify in behalf of his client. Clearly, the matters to which the affidavit relates could have been attested to by representatives of Home Bank and its customer, Ramsey.
Notwithstanding the application of the Code of Professional Responsibility to this matter, the affidavit testimony of Home Bank's lawyer is inadmissible hearsay. "Where it appears from the face of an affidavit that the affiant had no personal knowledge of the matters to which he deposed and that he must have secured his information concerning those matters from others, then the affidavit is based on hearsay and should not be admitted." Williams v. Dan River Mills, Inc., 286 Ala. 703, 246 So.2d 431 (1971). We are not convinced by arguments of counsel and the record that Home Bank's lawyer had personal knowledge of the matters to which he testified in his affidavit. It appears from the face of the affidavit that his information concerning these matters must have *842 come to him from his client or from others. See First Federal Sav. & Loan Ass'n of New Bern v. Branch Banking & Trust Co., 282 N.C. 44, 191 S.E.2d 683 (1972).
Therefore, the trial court did not err in its treatment of the affidavit filed in opposition to Perpetual's motion for summary judgment. Rule 56(c) and (e), A.R.Civ.P.
The standard of review of rulings on motions for summary judgment has been defined as follows:
"On appeal from a trial court's grant of summary judgment, this court must apply the same standard used by the trial court when ruling on the motion. Alabama Power Co. v. Blount Brothers Corp., 445 So.2d 250 (Ala.1983). In Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers, 435 So.2d 716 (Ala.1983), we summarized the standard as follows:
"`Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a a matter of law.' Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978); Rule 56, ARCP. `If there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted.' Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala.1979); Chiniche v. Smith, 374 So.2d 872 (Ala.1979). `Once a motion for summary judgment has been made, the adverse party ordinarily should not rest on his pleadings, but should respond by setting forth specific facts which show that a material issue of fact does exist.' Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980); Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala.1980). Id. at 718."
Wright v. Robinson, 468 So.2d 94, 97 (Ala. 1985); see also Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377 (Ala.1987).
We held in Day v. Merchants Nat'l Bank of Mobile, 431 So.2d 1254, 1256 (Ala. 1983), quoting from Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala.1981):
"`It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56, Alabama Rules of Civil Procedure, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleading and must submit facts controverting those facts presented by the moving party. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala.1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976). Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant's evidence. Arrington v. Working Woman's Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1977). The scintilla rule cannot be satisfied by speculation and the evidence presented must be supported by at least a reasonable inference. Arrington v. Working Woman's Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala. [1977]).'"
The "scintilla rule" was abolished by the Legislature in civil actions brought in any court of the State of Alabama after June 11, 1987. In cases filed after that date "[p]roof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including without limitation, motions for summary judgment." Code 1975, § 12-21-12(a) (Cum.Supp.1988).
The Legislature has defined "substantial evidence" to mean "evidence of such quality and weight that reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." Further, "[a] scintilla of evidence is insufficient to permit submission of an *843 issue of fact to the trier of facts." § 12-21-12(d) (Cum.Supp.1988).
Home Bank's affidavit fails to set forth specific facts showing that a material issue of fact exists. The affidavit fails to controvert those facts presented by Perpetual. Home Bank's affidavit is not made on personal knowledge and is not admissible as testimony to contradict Perpetual's evidence. Therefore, applying the "substantial evidence" requirement, we hold that Home Bank has not supported any issue of fact with substantial evidence that would permit submission to the trier of fact. We would reach the same result in this case under the scintilla rule.
The trial court was correct in ruling that Perpetual is entitled to a judgment as a matter of law.
A "bank money order," where the drawer and drawee are the same, is essentially the same as a "cashier's check" and is accepted when issued and is not subject to countermand by either the purchaser or the issuing bank, except for fraud or failure of consideration, or where payment is stopped by injunctive proceedings. See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n, 656 F.Supp. 358 (W.D. Okla.1987); Bank of El Paso v. Powell, 550 S.W.2d 383 (Tex.Civ.App.1977); Wertz v. Richardson Heights Bank & Trust, 495 S.W.2d 572 (Tex.1973); First National Bank of Mineola v. Farmers & Merchants State Bank of Athens, 417 S.W.2d 317 (Tex.Civ.App.1967); Cross v. Exchange Bank Co., 110 Ohio App. 219, 168 N.E.2d 910 (1958); Code § 7-4-303(1)(a); Code § 7-4-403 Official Comment 5.
The bank money order in question is printed with "BANK MONEY ORDER" at the top center portion of the instrument, is drawn on Home Bank, is signed by an authorized representative of Home Bank, and is made payable to "Floyd Ramsey." Thus, Home Bank is both the drawer and drawee of the instrument; Floyd Ramsey is the payee. The evidence shows that the bank money order was indorsed by Ramsey and deposited to Perpetual. Therefore, even if the statements in the lawyer's affidavit (that payment was stopped by its customer because the bank money order had been stolen and contained a forged endorsement) were admissible, the stop payment order would have no effect because it came after Home Bank had accepted the bank money order upon issuance (unless there had been fraud or failure of consideration, or payment had been stopped by injunctive proceedings).
Perpetual argues that it is a "holder in due course" under Code § 7-3-302(1) and, that pursuant to § 7-3-305(2) it takes the bank money order free from all defenses of Home Bank and any party to the bank money order with whom Perpetual has not dealt. We agree.
A holder in due course is defined as:
"(1) ... a holder who takes the instrument:
"(a) For value; and
"(b) In good faith; and
"(c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."
Code § 7-3-302(1).
The evidence shows that Perpetual qualifies as a holder in due course. The affidavit of Perpetual's head teller, submitted in support of the motion for summary judgment, states that Ramsey, the depositor, was allowed to make withdrawals which depleted the entire account fund resulting from the deposit of the bank money order. § 7-3-302(1)(a). The evidence reveals nothing that indicates that Perpetual did not act in good faith. § 7-3-302(1)(b). Further, the head teller's affidavit states that Perpetual did not receive notice of a stop payment order until August 6, 1987, and that Perpetual had no notice of any defense to the bank money order on the part of any person, or notice that the bank money order had been dishonored. § 7-3-302(1)(c). We conclude that Perpetual is a holder in due course.
Home Bank argues that the bank money order contains certain language on the face of the instrument that restricted its negotiability to Perpetual. The language appears in fine print, in the center of *844 the instrument, below the check writer imprint indicating the dollar figure, as follows: "Payable at Par Anywhere Through Federal Reserve System." Home Bank cites no cases in support of its argument, only Code § 7-3-120, which states:
"An instrument which appears that it is `payable through' a bank or the like designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument."
We cannot interpret Code § 7-3-120 to mean that negotiability of the bank money order was restricted so as to defeat Perpetual's right to payment. Home Bank is both drawer and drawee of the bank money order. The bank money order is not subject to countermand, except for fraud or failure of consideration, or where payment is stopped by injunction proceedings. Further, Perpetual has the right to payment as a holder in due course. See Frickleton v. Fulton, 626 S.W.2d 402 (Mo.Ct.App.1981); Canal Ins. Co. v. First Nat`l Bank of Fort Smith, 266 Ark. 1044, 596 S.W.2d 710 (Ct. App.1979), affirmed, 268 Ark. 356, 596 S.W.2d 709 (1980); Lee v. Skidmore, 49 Ohio App.2d 347, 361 N.E.2d 499 (1976).
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES and HOUSTON, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I concur in the judgment, but I write separately to emphasize again that the literal definition of "substantial evidence", as contained in Code 1975, § 12-21-12(a), is impossible of practical application in a case such as this. Here, the only evidence for determination of the validity of Perpetual's motion for summary judgment is Perpetual's affidavit. If this evidence is worthy of belief (and I agree with the majority that it is), then fair minded persons cannot reach different results. See my concurring opinion in Rowden v. Tomlinson, 538 So.2d 15 (Ala.1988).