Samuel Yarborough appeals from a summary judgment in favor of Springhill Memorial Hospital ("Springhill Memorial"). This action was filed by Samuel and Vicki Yarborough. Summary judgment was entered against Samuel Yarborough's claims only, and an appeal was taken. We remanded the case to the trial court, allowing it an opportunity to enter a final judgment on Samuel's claims, pursuant to Rule 54(b), A.R.Civ.P. Instead, the trial court entered summary judgment on March 2, 1989, against Vicki Yarborough, thereby creating a final judgment as to both plaintiffs. She failed to file a notice of appeal within the 42-day time period prescribed by Rule 4, A.R.App.P. Therefore, only Samuel Yarborough's claims are here on appeal.
The facts in this case are undisputed.
Samuel Yarborough was admitted into Springhill Memorial on October 6, 1986, to undergo nose surgery. During surgery, electrodes were placed on his chest. Upon returning to his hospital room after surgery, Mr. Yarborough complained of pain on his upper right anterior chest. A red blistered ring appeared on his chest that later turned black; it was diagnosed as a third degree burn. It was speculated in the "discharge summary" that the burn was a suction blister caused when an electrode lead was removed.
Yarborough's complaint alleged that he was permanently injured as a proximate result of negligence on the part of Springhill Memorial's personnel.
In its answer, Springhill Memorial generally denied the allegations in the complaint. After a period of discovery, Springhill Memorial filed a motion for summary judgment pursuant to Rule 56, A.R.Civ.P., based upon the pleadings, responses to interrogatories, and an affidavit of Josie Nell Carter. Ms. Carter is the director of surgical services at Springhill Memorial and has been a registered nurse for 22 years.
Yarborough filed a motion in opposition to summary judgment, supported by an affidavit of Paula Canterbury, a registered nurse with 14 years of experience.
Springhill Memorial's motion for summary judgment was granted.
Yarborough contends that the affidavit offered in support of Springhill Memorial's motion for summary judgment did not demonstrate that Springhill Memorial is entitled to a judgment as a matter of law. We agree.
After setting forth her qualifications, Josie Carter stated in her affidavit supporting Springhill Memorial's motion for summary judgment:
 "I am familiar with the standards of hospital and nursing practice which govern the operation of a hospital operating room, in Mobile, Alabama, the State of Alabama, and the national medical community.
 "I have reviewed the hospital records relative to treatment of Samuel Yarborough while he was a patient at Springhill Memorial Hospital in October of 1986. Particularly, I have reviewed the Springhill Memorial Hospital records pertaining to the treatment of Mr. Yarborough while he was a patient in the operating room. Copies of the hospital records are attached herewith and designated as Exhibit "1" to this Affidavit [omitted from this opinion]. *Page 34 
 "Based upon my review of the attached records, my education, professional experience and my familiarity with the applicable standards, it is my opinion that the care rendered by Springhill Memorial Hospital personnel and received by Mr. Yarborough on the date in question, in no way deviated from the applicable standard of care, and was in no way causative of the injuries and damages of which Mr. Yarborough now complains."
The hospital records upon which Carter based her opinion, and which were attached to the affidavit, had not been authenticated pursuant to Rule 44, A.R.Civ.P., nor had they been certified in accordance with Code 1975, § 12-21-7. They were hearsay, and they had not been shown to be admissible.
Evidence that is not admissible at trial can not be considered on a motion for summary judgment. Welch v. HoustonCounty Hospital Board, 502 So.2d 340 (Ala. 1987). Rule 56(e), A.R.Civ.P., requires that facts relied upon or stated in an affidavit supporting a motion for summary judgment be admissible in evidence.
Carter gave her opinion that the care rendered by Springhill Memorial's personnel "was in no way causative of the injuries and damages of which Mr. Yarborough now complains." Expert witnesses are prohibited from giving their opinions on the ultimate issue of a case. Colvin v. State, 247 Ala. 55,22 So.2d 548 (1945). The long-established and accepted rationale for this rule is that to allow an opinion upon the ultimate issue in a case would be to usurp the function of the trier of fact. See, C. Gamble, McElroy's Alabama Evidence, § 127.01(5) (1977).
Therefore, the affidavit was insufficient to support Springhill Memorial's motion for summary judgment, because the records relied upon by Carter were inadmissible, as was her opinion on the ultimate issue in the case.
Notwithstanding the inadequacies of the supporting affidavit, summary judgment is rarely appropriate in negligence actions, which almost always present factual issues of causation and of the standard of care that should have been exercised.Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976).
For summary judgment to be proper, the moving party must produce evidence establishing that there is no genuine issue as to any material fact, and that he or she is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. In light of the established principle that the facts in a summary judgment case are to be construed most favorably to the non-moving party, we hold that this burden has not been met.
Therefore, the summary judgment is due to be reversed, and the case remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.