INGRAM, Presiding Judge.
This appeal is from a summary judgment granted in favor of the mother on a petition for a rule nisi and modification of child support.
In May 1975, the mother and father were divorced, and the father was ordered to pay $100.00 per month for the support of the minor children until each attained the age of 18. In August 1987, the mother filed a petition alleging that the father had failed to pay child support as ordered by the divorce decree. She further requested an increase in child support due to changes in circumstances. In June 1988, the father filed answers to the mother’s interrogatories, denying that he was ordered to pay child support by the circuit court in May 1975. However, he contended that he had paid such child support.
The matter was heard in open court in August 1988, with the mother and her attorney and the attorney for the father being present. The trial court found that “after [a] review of the record, and discussion,” it was agreed between the attorneys and ratified by the court that a summary judgment was due to be entered for all prayers asked for by the mother unless the father filed a response or affidavit to contradict the mother’s evidence within ten days. On August 24, 1988, the trial court granted summary judgment for the mother. The father appeals.
*1072 The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of the mother.
The record is clear that the attorneys representing both parties stipulated in open court that a summary judgment was due to be granted to the mother unless the father responded within ten days. The' record is also clear that the father failed to file any such response within the time period set out by the trial court. Therefore, the father’s failure to respond in compliance with the court order left the trial court with no alternative but to grant the mother’s motion for summary judgment. See Sullivan v. South Central Bell, 408 So.2d 153 (Ala.Civ.App.1981). The law is quite clear that the father cannot rest upon his mere denial in his pleadings. Sullivan, supra.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.