ALMON, Justice.
This is an appeal from a summary judgment entered in a personal injury action in favor of Liberty Mutual Insurance Company (“Liberty Mutual”) and against Valerie McGee.
McGee, an employee of the Barber Ice Cream Company (“Barber”), sustained an on-the-job injury when a machine used in the manufacture of popsicles fell over on her while she was attempting to load it. Unlike similar machines in Barber’s plant, that machine was not bolted to the floor, but was on rollers so that it could be moved to different locations along the production line. The machine was a temporary replacement that was being used while other machines were awaiting repair. According to the affidavit of Ken Chapman, the plant’s floor supervisor, the machine had been in use for only two or three days before McGee was injured.
McGee filed a complaint against Barber, numerous other defendants, and Liberty Mutual as Barber’s worker’s compensation insurance carrier. This appeal concerns only McGee’s claim against Liberty Mutual; therefore, only the allegations involving-the insurer will be discussed. McGee alleged that Liberty Mutual had negligently inspected the Barber plant during its routine safety inspections and had failed to correct the allegedly negligent installation of the machine that caused her injury by not causing it to be securely attached to the platform or table on which it was located.
McGee contends that she presented a scintilla of evidence to show Liberty Mutual’s alleged negligence.[1] This contention is based on the fact that Liberty Mutual regularly inspected the Barber plant and made recommendations to the plant management concerning plant safety. The evidence is uncontradicted that the last inspection performed by Liberty Mutual before McGee’s accident took place on March 9, 1982, nine *1024 days before that accident. As stated earlier, Barber’s floor supervisor stated' in an affidavit that the machine had been in place for only two or three days before McGee’s accident. Therefore, assuming the truth of that statement, it was not in use for Liberty Mutual’s agents to inspect on their last visit to the plant. Although McGee filed a motion in opposition to Liberty Mutual’s motion for summary judgment, in which she averred that she'would furnish witnesses who would state that the machine had been in place for 60 days before the accident, that motion was not supported by affidavits, nor were the witnesses produced. Bare allegations, unsupported by affidavits or other evidentiary showings, do not create triable issues of fact when the party moving for summary judgment has supported its motion with affidavits or other probative, admissible evidence. Hutchins v. State Farm Mutual Automobile Insurance Co., 436 So.2d 819 (Ala.1983); Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976).
This Court has recognized that a worker’s compensation carrier may be liable to an injured employee when it undertakes to inspect an employer's premises for safety and then performs its inspections negligently. Fireman’s Fund American Insurance Co. v. Coleman, 394 So.2d 334, 338 (Ala.1980). In such cases a plaintiff has the burden of proving (1) that the insurer had a duty to inspect, or assumed such a duty by voluntarily undertaking the inspection; (2) the scope of that duty; (3) that the duty was breached; (4) that there was injury; and (5) that the injury was proximately caused by that breach. Fireman’s Fund, supra, at 349 (Jones, J., concurring).
In this case there was no evidence to indicate that Liberty Mutual had had an opportunity to inspect the machine before McGee’s injury. This Court therefore concludes that McGee failed to present a scintilla of evidence to indicate that any safety inspection was negligently ■ performed or that any negligence on the part of Liberty Mutual proximately caused McGee’s injuries. Accordingly, we agree with the trial court’s determination that there exists no genuine issue of material fact, and we hereby affirm that court’s judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ„ concur.

. McGee’s complaint was filed before June 11, 1987, and was therefore tried under the scintilla evidence rule. See Ala.Code 1975, § 12-21-12.