SHORES, Justice.
The plaintiff, Rosemary Folz Gable, appeals from a summary judgment entered in favor of the defendant, the City of Huntsville. Ms. Gable fell on a step at Constitution Hall Park in Huntsville while chaperoning a group of schoolchildren on a tour of the park. She sued the City of Huntsville, claiming that she was injured when she fell upon a depression or defect on the step; that the city was negligent in maintaining the step; and that its negligence created the defect that caused her to fall.
Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R. Civ.P.; Ray v. Montgomery, 399 So.2d 230 (Ala.1980). Under §§ 35-15-20 through -28, Ala.Code 1975 (Cum.Supp.1989), the owner of land used for non-commercial public recreational purposes has only limited liability for injuries occurring on the land. The defendant submitted, in support of its summary judgment motion, the affidavit of Charles Vaughn, the assistant director of Constitution Hall Park. In conformity with Rule 56(e), A.R.Civ.P., the affidavit was made upon Mr. Vaughn’s personal knowledge. The affidavit establishes that Constitution Hall Park is a non-profit historical museum owned and operated by the City of Huntsville for the education and benefit of the general public. Thus, under § 35-15-21, its use qualifies as one for which an owner has only limited liability.
In opposition to the defendant’s summary judgment motion, Ms. Gable submitted the affidavit of Joseph Folz. The affidavit does not meet the requirements of Rule 56(e), A.R.Civ.P., because it does not show that it is based upon Mr. Folz’s personal knowledge or that he is competent to testify to the matters stated. Thus, the defendant’s evidence in support of its summary judgment motion must be considered to have been uncontroverted. Olympia Molded Products, Inc. v. Sevier Insurance *941 Agency, Inc., 495 So.2d 39 (Ala.1986). There was no evidence showing that the defendant had actual knowledge of a condition or structure that posed an unreasonable risk of death or serious bodily harm and that was not apparent to persons using the land. Code 1975, § 35-15-24 (Cum.Supp.1989); Grice v. City of Dothan, 670 F.Supp. 318, 320-21 (M.D.Ala.1987). Because the defendant showed itself to be entitled to the limited protection set out in §§ 35-15-20 through -28, and because the plaintiff has shown no facts that would deprive the defendant of the protection of those sections, the trial court correctly entered summary judgment for the defendant.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.