INGRAM, Justice.
Eddie Perryman and Jimmie Boone appeal from the trial court’s denial of their motion for relief from a judgment. They had sought relief pursuant to Ala.R.Civ.P. 60(b)(3), (4), and (5).
This is the third time some aspect of these parties’ dispute has been before the appellate courts of Alabama. See Boone v. Harbin, 551 So.2d 1071 (Ala.Civ.App.1989) (“Boone I”); and Boone v. Harbin, 574 So.2d 838 (Ala.Civ.App.1990) (“Boone II ”). In December 1988, the Dallas Circuit Court entered a judgment in favor of Ms. Harbin and against Richard Boone for past due child support. The Court of Civil Appeals affirmed that judgment in Boone I, and this Court denied certiorari review. Richard Boone then attacked the judgment by a Rule 60(b) motion. The Court of Civil Appeals, in Boone II, affirmed the trial court’s denial of his motion, and this Court denied certiorari review.
Ms. Harbin then recorded the judgment in the office of the judge of probate of Montgomery County, Alabama, thereby creating a lien in her favor on all property owned by Richard Boone in Montgomery County. Boone was the record owner of two parcels of real property in Montgomery County. However, after the judgment was recorded, Boone attempted to deed one of the parcels to Jimmie L. Boone and the other parcel to Eddie Perryman. In November 1992, Ms. Harbin filed an action to set aside the two deeds. In December 1993, the Montgomery Circuit Court entered a default judgment in favor of Ms. Harbin, holding that Ms. Harbin’s judgment lien attached to both parcels of land and was superior to any interest of Jimmie L. Boone and Eddie Perryman. The December judgment also directed the sheriff to sell the parcels of land in order to satisfy the judgment lien.
However, before the land was sold, Eddie Perryman and Jimmie Boone filed a Rule 60(b) motion. Specifically, they alleged (1) that the judgment was void; (2) that the default judgment entered in December 1993 was based on a fraudulent judgment entered by the Dallas Circuit Court; and (3) that the judgment had been satisfied.
The trial court entered a comprehensive order addressing each issue raised. That order, in part, is as follows:
“Movants’ first ground for Relief from Judgment is that the judgment is void. In Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976), the Court stated that a judg *941 ment cannot be void when the court has jurisdiction of the parties and the subject matter. The record and briefs in this case fail to reveal any facts which would indicate that this Court lacked either subject matter jurisdiction or personal jurisdiction, and [therefore], the judgment is not void.
“The second ground for Defendants’ Motion for Relief from judgment is fraud. Defendants intend the Motion to serve as a ‘collateral attack on the Summary Judgment entered by the Circuit Court of Dallas County.’ Defendants allege ‘that the judgment was procured by a fraud practiced on the Court.’ Under Rule 60(b), ‘a Court [may] entertain an independent action’ to relieve a party from a judgment within three (3) years after its entry [for] ‘fraud upon the court.’ However, the Summary Judgment was entered on August 30, 1988, which was beyond the three-year limitation and beyond the ‘reasonable time’ requirements of Rule 60, Ala.R.Civ.P.
“The third ground is that portions of the debt have been satisfied, Ala.R.Civ.P 60(b)(5), and that the Plaintiff committed a fraud on the Circuit Court of Dallas County by alleging that Boone had failed to pay support from May 1975 to 1978. For the same reasons stated above (the three-year and reasonable time limitation), this Court is unable to entertain the Motion.”
We have examined the record and considered the parties’ briefs, and we hold that the trial court’s order is due to be affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur.