THOMPSON, Judge.
On December 17, 2001, Wells Fargo Home Mortgage, Inc. (“Wells Fargo”), filed a complaint seeking to eject James Kennedy and Tammie Kennedy from certain real property it contended that it owned. James Kennedy filed an answer and denied the material allegations in Wells Fargo’s complaint. The record indicates that Tammie Kennedy was not served and that she made no appearance in this action; therefore, we refer to James Kennedy (“Kennedy”) as the sole defendant.
On February 6, 2002, Wells Fargo moved for a summary judgment; in support of its summary-judgment motion it submitted the affidavit of Chalice E. Tucker, the lawyer representing Wells Fargo. In that affidavit, Tucker stated that on February 12, 1998, Wells Fargo purchased Kennedy’s property at a foreclosure sale[1] and, on that same date, made a demand for possession of the property. Tucker also asserted that Wells Fargo had not transferred its interest in the property and that it had not entered into an agreement with Kennedy regarding his continued possession of the property. The record indicates that, after the foreclosure sale, Kennedy filed a petition in bankruptcy and confirmed the debt to Wells Fargo; on July 13, 1998, the bankruptcy court entered an order allowing Kennedy to maintain possession of the property, subject to the condition that he continue to make payments on the debt he owed to Wells Fargo. In support of its motion for a summary judgment, Wells Fargo submitted the following documentary evidence, largely derived from public records: the Kennedys’ 1992 FHA mortgage on the property; the February 12, 1998, mortgage-foreclosure deed obtained by Nor-west Mortgage, Inc., which is the predecessor corporation to Wells Fargo; and Norwest’s February 12, 1998, letter to Kennedy demanding possession of the property.
Kennedy opposed Wells Fargo’s motion for a summary judgment by arguing that the motion was procedurally deficient because, he argued, Tucker’s affidavit was not based upon personal knowledge, as required by Rule 56(e), Ala. R. Civ. P. Kennedy also argued that the summary-judgment motion did not contain a narrative summary of the undisputed facts as required by Rule 56(c)(1), Ala. R. Civ. P.
On March 18, 2002, Wells Fargo amended its motion for a summary judgment. In support of that motion, Wells Fargo again submitted an affidavit by Tucker, which stated that the matters set forth in the affidavit were based on Tucker’s personal knowledge. Otherwise, the March 18, 2002, amended motion for a summary judgment and the documentation submitted in support of that amended motion were identical to the original February 6, 2002, motion for a summary judgment and supporting documentation.
Kennedy filed an opposition to the amended motion for a summary judgment; he argued primarily that the amended motion was also procedurally defective because, he asserted, it did not comply with Rule 56, Ala. R. Civ. P. Kennedy also asserted that factual issues existed regarding Wells Fargo’s ownership of the property and whether Kennedy had a right to possess the property. In support of his opposition to the amended summary-judgment motion, Kennedy submitted his own *1011 affidavit; an order from the bankruptcy court; a receipt, dated June 11, 2001, evidencing his payment of $2,761.94[2] to Wells Fargo; and a document evidencing Wells Fargo’s return to him of a payment of $290 that he had tendered in November 2001.
On April 15, 2002, Wells Fargo filed a second amended motion for a summary judgment. In support of that motion, Wells Fargo again submitted an affidavit by Tucker; in addition to reiterating the substance of the first two affidavits, Tucker’s affidavit submitted in support of the second amended summary-judgment motion also set forth certain facts related to Kennedy’s bankruptcy proceeding, including the amount Tucker maintained the bankruptcy trustee had determined Kennedy still owed Wells Fargo; an allegation that Kennedy had not satisfied the debt owed to Wells Fargo; and an allegation that, upon Kennedy’s failure to repay that indebtedness, Wells Fargo had elected to proceed with the eviction action. In addition to the documents it had submitted in support of its earlier summary-judgment motions, Wells Fargo submitted a copy of the bankruptcy court’s July 13, 1998, order; the November 8, 2001, order of the bankruptcy court dismissing Kennedy’s bankruptcy action; a “proof of claim” from the bankruptcy court indicating Kennedy owed Wells Fargo $5,965.07; and an “interim "statement” of the bankruptcy court indicating that Kennedy had paid $1,950.43 toward the debt he owed Wells Fargo.
On April 24, 2002, Kennedy filed an opposition to Wells Fargo’s April 15, 2002, second amended motion for a summary judgment. In his opposition to that motion, Kennedy again argued that Wells Fargo’s motion did not comply -with Rule 56, Ala. R. Civ. P., and that certain factual issues existed that were sufficient to defeat a summary judgment. Kennedy did not submit any further evidence in support of his April 24, 2002, opposition to the motion for a summary judgment.
On April 30, 2002, the trial court entered a summary judgment in favor of Wells Fargo. In that judgment, the trial court set forth the following allegedly undisputed facts:
“(1) [Wells Fargo] acquired the property as the result of a foreclosure sale on February 12,1998.
“(2) [Kennedy] has continued to occupy the property although a demand was made for possession on February 12, 1998.
“(3) A Chapter 13 Bankruptcy petition was filed by [Kennedy] on March 30, 1998, and the case was confirmed on June 29,1998.
“(4) On July 13, 1998, the bankruptcy court entered an order affirming the confirmation [of the debt to Wells Fargo] but allowing [Wells Fargo] to proceed to evict [Kennedy] from the premises if [Kennedy] failed to complete the bankruptcy case for any reason.
“(5) The bankruptcy case was dismissed on November 8, 2001.
“(6) This action was filed on December 17, 2001.
“It, therefore, appears there is no genuine issue as to any material fact and the plaintiff, Wells Fargo Home Mortgage, Inc., is entitled to a judgment as a matter of law.”
On appeal, Kennedy first argues that the trial court erred in entering a summary judgment in favor of Wells Far *1012 go because, he argues, Wells Fargo’s summary-judgment motion did not comply with Rule 56, Ala. R. Civ. P. Kennedy first argues that the summary-judgment motion did not contain a “narrative summary of what the movant contends to be the undisputed material facts.” See Rule 56(c)(1), Ala. R. Civ. P. However, each summary-judgment motion was supported by an affidavit executed by Tucker, on behalf of Wells Fargo, that set forth a summary of the facts. For the purposes of this opinion, however, we address Kennedy’s argument as it pertains to the last of Tucker’s affidavits, the one submitted in support of Wells Fargo’s second amended motion for a summary judgment; of the three of Tucker’s affidavits submitted by Wells Fargo, that affidavit sets forth the most comprehensive recitation of Wells Fargo’s version of the facts of this case. We note that, although Kennedy argues otherwise, the affidavit references and is supported by properly certified copies of mortgages, deeds, and other supporting documents.
In International Fidelity Insurance Co. v. Gilliam, 659 So.2d 24 (Ala.1995), our supreme court held that a summary-judgment movant had complied with the requirements of Rule 56(c)(1), Ala. R. Civ. P., when it submitted “exhibits sufficient to meet the narrative summary requirement” of that rule. 659 So.2d at 27. In White v. Howie, 677 So.2d 752, 754 (Ala.Civ.App.1995), this court held that an affidavit submitted in support of a motion for a summary judgment and containing a narrative summary of the facts was sufficient to meet the Rule 56 requirement for a narrative summary of the undisputed facts. See also Barlow v. Piggly Wiggly Dixieland, Inc., 680 So.2d 297 (Ala.Civ.App.1996) (a pretrial statement listing claims and referencing supporting documents was sufficient to meet the narrative-summary requirement of Rule 56(e)).
In this case, Tucker’s affidavit sets forth Wells Fargo’s version of the undisputed facts of this action. That affidavit referenced properly submitted supporting documents. Therefore, Kennedy has not persuaded this court that Wells Fargo failed to comply with the narrative-summary requirement of Rule 56(c)(1), Ala. R. Civ. P.
Kennedy also contends that Wells Fargo’s motion for a summary judgment was not properly supported because the affidavit Tucker submitted in support of that motion was not based upon Tucker’s personal knowledge, as is required by Rule 56(e), Ala. R. Civ. P., and that a representative of Wells Fargo, not Tucker, was the appropriate person to submit an affidavit on behalf of Wells Fargo pertaining to Wells Fargo’s dealings with Kennedy. Rule 56(e) provides, in pertinent part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.... ”
Rule 56(e), Ala. R. Civ. P.
Kennedy cites Home Bank of Guntersville v. Perpetual Federal Savings & Loan Association, 547 So.2d 840 (Ala.1989), in support of his argument. In that case, the defendant’s lawyer filed an affidavit in opposition to the plaintiffs motion for a summary judgment. Our supreme court held that under the Alabama Code of Professional Responsibility,[3] the defendant’s law *1013 yer should not have testified on behalf of his client. The supreme court also held that the affidavit in that case set forth information the lawyer could have obtained only from his client and that the affidavit made no reference to and was not supported by an independent documentation of the facts set forth therein. Home Bank of Guntersville, 547 So.2d at 841-42. Therefore, the supreme court concluded that the affidavit in that case contained inadmissible hearsay evidence, and it affirmed the trial court’s refusal to consider that affidavit. Id. at 842.
In addition to the requirement that it be based upon the affiant’s personal knowledge, an affidavit submitted in support of, or in opposition to, a motion for a summary judgment must set forth facts that would be admissible as evidence at trial. McCullough v. McAnalley, 590 So.2d 229 (Ala.1991); Government Street Lumber Co. v. AmSouth Bank, N.A., 553 So.2d 68 (Ala.1989); Yarborough v. Springhill Mem’l Hosp., 545 So.2d 32 (Ala.1989). Also, the affidavit must “show affirmatively that the affiant is competent to testify to the matters stated therein.” Rule 56(e), Ala. R. Civ. P.; Waites v. University of Alabama Health Servs. Found., 638 So.2d 838, 842 (Ala.1994).
In Yarborough v. Springhill Memorial Hospital, the defendant submitted the affidavit of an expert witness in support of its motion for a summary judgment. That affidavit set forth the expert witness’s opinion regarding the ultimate issue in the case; therefore, it was not admissible. 545 So.2d at 34. For that reason, the court concluded that the expert witness’s affidavit was not sufficient to support the motion for a summary judgment. The court stated that “Rule 56(e), [Ala.] R. Civ. P., requires that facts relied upon or stated in an affidavit supporting a motion for summary judgment be admissible in evidence.” Yarborough v. Springhill Mem’l Hosp., 545 So.2d at 34.
In Welch v. Houston County Hospital Board, 502 So.2d 340 (Ala.1987), the defendant hospital attempted to support its motion for a summary judgment in a medical-malpractice case with, among other things, its answers to certain interrogatories. In those interrogatories, the hospital made reference to certain facts pertaining to the medical treatment of the plaintiffs decedent; the defendant hospital did not support those interrogatory answers with the records upon which it based those answers. The court concluded that the answers to the interrogatories were insufficient to support the motion for a summary judgment. The court stated:
“It is important to note that it is not the admissibility of the hospital charts or records themselves that is at issue in this case. Provided the proper predicate is laid, the records themselves would be admissible. Rather, at issue in this case is the admissibility vel non of the [hospital’s] answers to interrogatories, which were given by the [hospital’s] administrator based, in pertinent part, on information taken from [the decedent’s] hospital records.”
Welch v. Houston County Hosp. Bd., 502 So.2d at 344 (citations omitted; second emphasis added). Therefore, given the foregoing authority, if Tucker could not testify to certain matters at a trial on the merits, that part of her affidavit referencing those matters is inadmissible.
In this case, Tucker, the lawyer representing Wells Fargo, submitted her own affidavit in support of Wells Fargo’s motion for a summary judgment. The fact that a lawyer is testifying on behalf of his or her client, however, does not in itself render the testimony inadmissible. “The Rules of Professional Conduct are ‘self-imposed internal regulations’ and do not play a role in determining the admissibility *1014 of evidence.” Gaylard v. Homemakers of Montgomery, Inc., 675 So.2d 363, 367 (Ala.1996).
In support of its argument that Tucker’s affidavit was based on her personal knowledge, Wells Fargo points out in its brief submitted to this court that Tucker’s affidavit does reference, in support of many of her assertions, certified copies of public records or other documents submitted to the trial court that support those statements. Indeed, because Wells Fargo submitted that documentation in support of Tucker’s affidavit, the facts of this case are to some degree factually distinguishable from those of Home Bank of Guntersville, supra. However, some of the assertions in Tucker’s affidavit cannot be said to be based on Tucker’s personal knowledge or based on her review of public records or documents submitted in support of those assertions. The assertions that are not based upon Tucker’s personal knowledge pertain to the actions of both Kennedy and Wells Fargo with regard to this matter, and include such statements as “[Kennedy] had not satisfied the amount owed to [Wells Fargo]”; “[Wells Fargo] elected to proceed” with this action; and “according to the trustee’s office, [Kennedy] only tendered enough funds for the trustee” to partially pay the indebtedness Kennedy owed to Wells Fargo. “Clearly, the matters to which the affidavit relates could have been attested to by representatives of’ Wells Fargo. Home Bank of Huntersville, 547 So.2d at 841. Tucker’s affidavit also contains a statement regarding her belief that Kennedy has no valid claim to a possessory interest in the property at issue; that statement is not a valid statement of an undisputed material fact because it pertains to the ultimate issue in this action. Therefore, that assertion is inadmissible.
In its brief submitted to this court, Wells Fargo also maintains that Tucker had personal knowledge of the facts in her affidavit and that she was competent to testify to those facts because the law firm with which Tucker is employed has handled this matter on its behalf and was familiar with the case. Initially, we note that Tucker’s affidavit does not so assert; and, therefore, the affidavit does not demonstrate on its face that Tucker had personal knowledge of the facts therein and that she was competent to testify to those matters. More importantly, the knowledge and familiarity of the law firm with which Tucker was employed with the facts of the case are not necessarily attributable to Tucker.
Rule 56(e) also requires that the affidavit itself demonstrate that it is based on the affiant’s personal knowledge and that the affiant “is competent to testify to the matters stated therein.” In Isbell v. Alabama Power Co., 477 So.2d 281 (Ala.1985), the trial court entered a summary judgment in favor of the Alabama Power Company (“APCo”) on the customers’ claim that APCo had wrongfully disconnected utility service to their home because their prior debt to APCo had been discharged in bankruptcy. Our supreme court rejected the customers’ argument that an affidavit submitted by APCo in support of its motion for a summary judgment was insufficient under Rule 56(e). In that case, the affiant was APCo’s credit manager, who stated that it was his job to receive bankruptcy petitions and file proofs of claim and that he had not received a copy of the customers’ bankruptcy petition. The affi-ant stated that that conclusion was based on his personal knowledge and a thorough search of APCo’s records. The court concluded that the affiant “[was] competent to testify to these matters, and [was], indeed, the appropriate APCo employee who, as its credit manager, would offer such testimony at trial.” Isbell v. Alabama Power Co., 477 So.2d at 285 (emphasis added).
*1015 In this case, Tucker s affidavit states, in pertinent part, only that “[m]y name is Chalice E. Tucker and I am an attorney employed with the firm of Shapiro & Tucker, L.L.P., and [I] have personal knowledge of the faet[s] set out herein.” However, the affidavit does not set forth any basis for Tucker’s being a person competent to testify to the matters pertaining to Wells Fargo’s dealings with Kennedy or to Kennedy’s actions with regard to this case. Thus, the affidavit does not affirmatively demonstrate that Tucker “is competent to testify to the matters stated.” Rule 56(e); Gable v. City of Huntsville, 564 So.2d 940, 940 (Ala.1990) (holding that an affidavit that did not show that the affiant had personal knowledge of the facts or that the affiant was competent to testify to the matters therein was not sufficient to meet the requirements of Rule 56(e), Ala. R. Civ. P.). Wells Fargo’s assertions in its appellate brief that Tucker’s law firm handled the case and was familiar with the facts do not operate to rectify the deficiencies in the affidavit executed by Tucker.
We conclude that Tucker’s affidavit does not affirmatively show that the facts set forth therein are based upon Tucker’s personal knowledge or that Tucker is competent to testify to the matters set forth in that affidavit. See Rule 56(e), Ala. R. Civ. P. Because we conclude that Tucker’s affidavit was insufficient to support Wells Fargo’s summary-judgment motion, we pretermit a discussion of Kennedy’s argument that, even if properly supported, Wells Fargo’s summary-judgment motion should not have been granted.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ„ concur.

. It appears that Norwest Mortgage, Inc., the predecessor corporation to Wells Fargo, actually purchased the property at the foreclosure sale.

. Although the record indicates that Wells Fargo considered that amount to ‘‘represent! ] payments presently due and owing on the referenced account through June 2001,” it appears undisputed that that amount did not represent the payment of the full outstanding balance of Kennedy’s debt to Wells Fargo.

. The Alabama Rules of Professional Conduct replaced the Alabama Code of Professional Responsibility, effective January 1, 1991.