Donald Pettigrew and Dorothy Pettigrew, the plaintiffs, appeal from a summary judgment for LeRoy F. Harris, M.D., P.C., the defendant. We affirm.
The Pettigrews' complaint alleges medical negligence. Specifically, it alleges that LeRoy F. Harris, M.D., P.C., violated its duty to possess and exercise the degree of care, skill, and diligence exercised by similar health care providers in the national medical community. Specifically, it alleged:
 "[LeRoy F. Harris, M.D., P.C.] negligently caused, allowed or permitted Donald Pettigrew to suffer a permanent bilateral ototoxic vestibulopathy; negligently failed to monitor peak and trough levels of Gentamicin during the time period of January 17, 1989 until the termination of home care intravenous antibiotic administration; negligently failed to monitor for clinical evidence of neurological injury as a result of Gentamicin intravenous antibiotic administration; negligently failed to alter or terminate the amount of Gentamicin being given intravenously in the presence of adverse clinical neurological toxicity signs and symptoms; and negligently failed to protect Donald Pettigrew from damage to his inner ear."
Although the action was against Dr. Harris's professional corporation, we shall refer to that defendant as "Dr. Harris." After some discovery, Dr. Harris moved for a summary judgment on the ground that there was no genuine issue of material fact. In support of the motion, Dr. Harris filed an affidavit detailing his qualifications as a specialist in infectious diseases and stating his opinion regarding the medical treatment he performed for Mr. Pettigrew. Dr. Harris stated that he was familiar with the standard of care required for specialists in the treatment of infectious diseases and that he conformed to such standard at all times. His affidavit was based on his personal knowledge of the treatment he performed for Mr. Pettigrew.
In support of their response to the motion for summary judgment filed by Dr. Harris, arguing the existence of a genuine issue of material fact, the Pettigrews submitted the affidavits of Mr. Pettigrew and Daniel M. Musher, M.D. Mr. Pettigrew's affidavit detailed his treatment as he recalled it. Dr. Musher's affidavit detailed his qualifications regarding the treatment of infectious diseases and stated his expert opinion regarding Mr. Pettigrew's treatment and the minimum standard of care for the treatment of a patient like Mr. Pettigrew. Dr. Musher stated that, in his opinion, Dr. Harris provided Mr. Pettigrew with substandard care by failing to warn him of the symptoms of Gentamicin toxicity. Dr. Musher based his opinion on a review of Mr. Pettigrew's medical records. The medical records were not attached to Dr. Musher's affidavit, nor was a foundation laid for the admissibility of the medical records into evidence.
Dr. Harris moved to strike Mr. Pettigrew's affidavit on the ground that it directly contradicted testimony that Mr. Pettigrew had *Page 841 
given at his deposition. In support of this position, Dr. Harris argued that a party may not create an issue of fact with an affidavit that contradicts the party's own clear deposition testimony.
Dr. Harris also moved to strike Dr. Musher's affidavit on the ground that the facts on which an expert bases his opinion must be facts that are in evidence. Dr. Harris argued that, because the medical records on which Dr. Musher's opinion were based were not introduced into evidence, they are inadmissible hearsay and, therefore, that the opinion relying on them is also inadmissible. Although the trial judge granted the motions to strike these affidavits, he gave the Pettigrews additional opportunities to respond appropriately to the motion for summary judgment filed by Dr. Harris.
The issue before this Court is whether the trial court committed reversible error by granting Dr. Harris's motion to strike directed towards the material filed in opposition to Dr. Harris's pending motion for summary judgment. More specifically, the Pettigrews argue that Dr. Musher's affidavit should not have been stricken, because, they say, Ala.R.Civ.P. 56(e) requires only that an expert opinion be based on evidence that would be admissible at trial, and, they argue, such evidence need not be admitted at the time for the ruling on the motion for summary judgment.
The procedure to follow in ruling on a summary judgment motion in a professional malpractice case has been laid out by this Court in Swensden v. Gross, 530 So.2d 764, 768 (Ala. 1988): "[O]nce the defendant offers expert testimony in his behalf (albeit his own opinion), establishing lack of negligence, the defendant is entitled to a summary judgment, unless the plaintiff counters the defendant's evidence with expert
testimony in support of the plaintiff's claim." (Citation omitted; emphasis added.)
In this case, the defendant, Dr. Harris, supported his motion for summary judgment with an affidavit of its own; that affidavit made a prima facie showing of a lack of negligence. That affidavit was sufficient to shift the burden to the plaintiffs to present evidence establishing an issue of material fact. Swensden v. Gross, supra. Because expert testimony is required to overcome a prima facie showing of an absence of negligence, we will address only the deficiencies in the affidavit of the Pettigrews' expert.
Rule 56(e) governs what must be filed with affidavits in support of, and in opposition to, a motion for summary judgment:
 "(e) Form of affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
(Emphasis added.)
The Pettigrews focus on the first emphasized portion of Rule 56(e). They contend that the hospital records relied upon by Dr. Musher would be admissible at trial, and, therefore, that the affidavit complies with the rule and should be considered in opposition to Dr. Harris's motion for summary judgment. However, it is the second emphasized portion of the rule that is at issue. That sentence is a mandatory provision. That sentence provides that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." "The total absence of copies of the [hospital] records referred to by [Dr. Musher] rendered inadmissible [his] statements based on [those] documents." Exparte Head, 572 So.2d 1276, 1281 (Ala. 1990). *Page 842 
Not only did the Pettigrews fail to attach the hospital records to Dr. Musher's affidavit after they had had two opportunities to cure the defect, but, had they been attached, the simple attachment of the records would have been insufficient to comply with Rule 56(e). The rule requires that, in addition, the records be certified or otherwise authenticated. Crawford v. Hall, 531 So.2d 874, 875 (Ala. 1988) (documents were attached to the expert affidavit but did not conform to the requirements of Rule 56(e) because they were not sworn or certified); Power Equipment Co. v. First Alabama Bank,585 So.2d 1291, 1299 (Ala. 1991) (nonmoving party's documents submitted in connection with a summary judgment motion were inadmissible because they were not certified or otherwise authenticated); Yarborough v. Springhill Memorial Hospital,545 So.2d 32, 34 (Ala. 1989) (documents attached to affidavit in support of motion for summary judgment were inadmissible hearsay because they had been neither authenticated nor certified).
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.