PER CURIAM.
William R. Murray, an attorney appearing pro se, sued various Tuscaloosa and Birmingham health care providers, alleging that they had failed to diagnose and treat an alleged injury to his left bicep. The trial court entered a summary judgment in favor of all of the defendants. Murray appealed from the summary judgment.
On September 28, 1990, Murray was involved in a scuffle with a Tuscaloosa Municipal Court bailiff. Murray contends that the bailiff grabbed his left arm at the bicep and threw him against a plate glass structure. On the day of this alleged injury, Murray went to the emergency room at West Alabama General Hospital in Northport, Alabama, and was examined by Dr. Jimmy Tu, who diagnosed Murray as having multiple contusions to his left medial bicep. Dr. Tu prescribed an anti-inflammatory drug and instructed Murray to elevate his arm and keep ice on it. Additionally, Dr. Tu told Murray that the soreness should go away in time, but to return for a checkup if it did not. Murray did not return to Dr. Tu for treatment after September 28, 1990.
Approximately three and one-half months later, Murray went to the emergency room at the University of Alabama at Birmingham Hospital (“UAB”), where he was examined by Dr. Debbie Sanford. The examination revealed chronic left shoulder and arm pain. The diagnosis was that Murray suffered from either a questionable rotator cuff injury or osteoarthritis. Dr. Sanford arranged a follow-up visit with Dr. Jorge E. Alonso, an orthopedic specialist at UAB. After the referral to Dr. Alonso, Murray received no further treatment from Dr. Sanford. Dr. Alonso noted that Murray had nearly a full range of motion in his left arm. Murray’s X-rays did not reveal an injury to his left bicep. After diagnosing Murray as having bicep tendinitis, Dr. Alonso arranged for Dr. Donald H. Lee, also an orthopedic specialist, to give a second opinion. Dr. Lee’s diagnosis was bicep tendinitis; however, because Murray’s complaints were more related to headaches and a radiating type of pain, Dr. Lee referred him to the neurology department at UAB. Dr. Lee last examined Murray in November 1991.
Some 14 months later, in January 1993, Murray was examined by Dr. Edward D. Hillard, who diagnosed Murray'as suffering from a ruptured bicep tendon. Soon thereafter, Murray filed this action. The defendants filed motions for summary judgment, supported by their affidavits and by the medical records of Murray’s treatment. Murray responded to the defendants’ summary judgment motions by submitting to the trial court a narrative statement of the facts on which his action was based, photographs of the arm he alleged had been injured, and certified copies of his medical records from Dr. Hil-lard. The trial court entered a summary judgment for the defendants.
One moving for a summary judgment has the initial burden to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992). “ ‘The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.’ ” McClendon, supra, at 958, quoting earlier cases.
Rule 56 must be read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substan *1270 tial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
This Court recently reiterated the procedure a trial court must follow in ruling on a summary judgment motion in a professional malpractice case. “[Ojnce the defendant offers expert testimony on his behalf (albeit his own opinion), ... the defendant is entitled to a summary judgment, unless the plaintiff counters the defendant’s evidence with expert testimony in support of the plaintiffs claim.” Pettigrew v. LeRoy F. Harris, M.D., P.C., 631 So.2d 839 (Ala.1993), quoting Swendsen v. Gross, 530 So.2d 764, 768 (Ala.1988). The individual defendants and representatives of the corporate defendants in this case submitted their own affidavits as evidence in support of their motions for summary judgment. Each affidavit was based on the personal knowledge of each defendant physician concerning the treatment rendered to Murray. According to the affidavits, each defendant was familiar with the standard of care required of similarly situated physicians; each defendant further stated that the care rendered to Murray met or exceeded that standard. We conclude that the evidence submitted by the defendants was sufficient to shift the burden of proof to Murray to present substantial evidence that the defendants breached the standard of care.
In Jones v. Bradford, 623 So.2d 1112 (Ala.1993), this Court set out four exceptions to the general rule that a doctor’s breach of the applicable standard of care must be established by the testimony of a medical expert:
“1) where a foreign instrumentality is found in the plaintiffs body following surgery; 2) where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment; 3) where the plaintiff employs a recognized standard or authoritative medical text or treatise to prove what is or is not proper practice; and 4) where the plaintiff is himself or herself a medical expert qualified to evaluate the doctor’s allegedly negligent conduct.’ ”
623 So.2d at 1115 (quoting Allred v. Shirley, 598 So.2d 1347, 1350 (Ala.1992)).
Murray’s case does not come within any of these exceptions. In response to the defendants’ motions for summary judgment, Murray argued that he should not be required to produce a medical expert in order to defeat these motions because, he contended, his injury was obvious to the average layperson. He included photographs of his arm taken at various times after he says he was injured. Although Murray’s response included passing references suggesting that local libraries had available medical treatises describing his condition, he did not cite a specific text. Certified copies of Dr. Hillard’s records of Murray’s condition, which Murray filed with the trial court, did not suggest that any of the defendants breached the applicable standard of care. We must, therefore, affirm the summary judgment in favor of the defendants.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.