RICHARD L. HOLMES, Retired Appellate Judge.
Wade Vaughn appeals from a summary judgment entered in favor of DCH Health Care Authority. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Our review of the record reveals the following pertinent facts: Vaughn sustained an injury to his back in the winter of 1994. Thereafter, Vaughn sought medical treatment from Dr. H. Evan Zeigler, who diagnosed him as having a ruptured disc. Dr. Zeigler performed surgery on Vaughn and subsequently referred him to DCH for outpatient physical therapy.
David Breedlove, a licensed physical therapist at DCH, assessed Vaughn’s condition and formulated an individualized treatment plan for him based on that assessment. Breedlove devised a plan which, among other things, required Vaughn to perform 1 set of leg presses — 20 repetitions at 50 pounds. According to Vaughn, however, a physical therapy aide had on one occasion left the weight machine set at 60 pounds, causing Vaughn to re-injure his back.
*1261 ■ On May 7, 1996, Vaughn filed a complaint against DCH, pursuant to the Alabama Medical Liability Act of 1987, which is codified at Ala.Code 1975, §§ 6-5-540 through -552. In his complaint, Vaughn alleged, among other things, that DCH had breached the applicable community standard of care by negligently and/or wantonly setting the weight limit on the weight machine at 60 pounds. On December 31, 1996, DCH filed a motion for a summary judgment, which the trial court granted.
The dispositive issue on appeal is whether Vaughn produced the substantial evidence required to substantiate his claim that DCH had breached the applicable community standard of care.
At the outset we note that this court, in Hawkins v. Carroll, 676 So.2d 338, 340 (Ala.Civ.App.1996), stated the following well-settled law regarding the evidence that a plaintiff must proffer to defeat a properly supported summary judgment motion in a medical malpractice action:
“A summary judgment is proper where there is no genuine issue of [a] material fact and the moving party is entitled to a judgment as a matter of law. Leonard v. Providence Hospital, 590 So.2d 906 (Ala.1991); Rule 56, Ala. R. Civ. P. ... When the movant makes a prima facie showing that no genuine issue of [a] material fact exists, the burden shifts to the nonmovant to present ‘substantial evidence’ to support his position. Id. When the defendant offers expert testimony that makes a prima facie showing of a lack of negligence, the defendant is entitled to a summary judgment, unless the plaintiff counters the defendant’s evidence with expert testimony in support of his position. Pettigrew v. Harris, 631 So.2d 839 (Ala.1993). In a medical malpractice case, such as here, Rule 56 must be read in conjunction with the ‘substantial evidence’ rule found at § 6-5-548(a) of the Alabama Medical Liability Act. Id. Section 6-5-542(5) of the Act defines ‘substantial evidence’ as follows: ‘Substantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.’ ”
In support of its motion for a summary judgment, DCH proffered the affidavits of David Breedlove and Timothy T. Holbrook, both of whom are licensed physical therapists at DCH. Both therapists testified regarding the applicable community standard of care in this case and noted that, in their opinion, the treatment prescribed for Vaughn did not fall below that standard. Breedlove’s affidavit, states the following, in pertinent part:
“The patient is most often referred to physical therapy by their physician following a surgical procedure. The physician most often does this by way of documented correspondence where the physician recommends the general treatment plan for the patient. On this documented referral, the physician will note any limitations and/or contra indications the patient may have. The physical therapist uses the documented physician referral sheet to subjectively and objectively evaluate the patient. The subjective evaluation generally includes a patient interview. During this interview, the physical therapist will discern what level of physical ability the patient presently has, what level of physical ability the patient had before the surgery and/or accident, and what level of physical ability the patient wishes to achieve and/or needs to achieve. ...
“ ... The [Doctor’s] referral noted that Mr. Vaughn was to progress to work hardening exercises after two weeks of physical -.therapy. Work hardening exercises are exercises that simulate the patient’s occupational. tasks and work load. Mr. Vaughn’s previous occupation entailed such work as laborer-truck driver, heavy equipment operator, and construction. Thus, Mr. Vaughn had a physically demanding job in which to return. The referral noted that the patient was to go from post operative condition to work hardening in a total of six (6) visits. ... This short amount of time indicated to me that weights were needed to enable Mr. Vaughn to advance physically to work hardening exercises after two1' (2) weeks of physical therapy.”
*1262 Additionally, both Breedlove and Holbrook testified that even if the weight had been set at 60 pounds instead of 50 pounds, such action would not have constituted a breach of the applicable standard of care. Breedlove, in an amended affidavit, stated the following, in pertinent part:
“ On May 16, 1994, my physical therapy treatment program for Mr. Vaughn called for one set of leg presses, 20 repetitions at 50 [pounds]. This was not the second lowest weight available for this particular machine. The weights available for this particular machine are in ten pound increments. The lightest weight is ten pounds. My program called for 50 [pounds].
“Assuming that Mr. Vaughn is correct in stating that the machine was left on 60 [pounds] by a physical therapy aide or assistant instead of 50 [pounds], that would still not be a breach of the standard of care; Although the aides and/or assistants are not allowed to deviate from my charted program, the difference between a 50 [pound] setting and a 60 [pound] setting on this particular machine is minimal. Therefore,-even if the program called for 1 set of 20 repetitions at 60 [pounds], this would still not be a breach of the standard of care. None of my treatment of Mr. Vaughn fell below the applicable standard of care.”
We would note that in Holt v. Godsil, 447 So.2d 191 (Ala.1984), our supreme court identified four specific situations where medical testimony is not required to show a breach of the applicable standard of care. Those, situations, however, are not present in the instant case. As such, the burden shifted to Vaughn to present expert testimony to defeat DCH’s prima facie showing that it did not deviate from the applicable standard of care. Vaughn, however, failed to introduce any expert testimony to contradict DCH’s prima facie showing. Thus, the trial court did not err in entering a summary judgment in favor of DCH. Carroll.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10 (e), Code 1975.
AFFIRMED.
All the judges concur.