THOMPSON, Judge,
dissenting.
I conclude that Elba General presented substantial evidence demonstrating the absence of a genuine issue of material fact as to whether Orice Nelson’s death was related to the care and treatment Elba General provided to him. Nelson presented no evidence to rebut that prima facie showing. Elba General supported its motion for summary judgment with the affidavit of Marie Lepore, a registered nurse who was the director of nursing for the nursing home at Elba General. Lepore provided the following information in her affidavit: She stated that she was familiar with the standard of care that exists in the field of medicine applicable to registered nurses; that she had reviewed Nelson’s medical records and had attached those records to her affidavit; that Nelson’s care and treatment had been within the applicable standard of care; and that neither Elba General nor its employees had contributed to cause Nelson’s death.
To rebut the evidence presented by Elba General, Nelson offered two affidavits from licensed practical nurses. One of the nurses was Carolyn Hudson, who stated that Elba General had breached the standard of care in allowing the oxygen concentrator to be turned off and that Elba *307 General and/or its employees had contributed to cause Nelson’s death. Elba General moved to strike Hudson’s affidavit because of the conclusory testimony as to medical causation and because, it contended, the subject matter was outside her area of expertise; the trial court granted the motion. The other nurse who provided an affidavit in support of Nelson’s opposition to Elba General’s motion for summary judgment was Valerie Hamilton. Hamilton stated in her affidavit that she had reviewed Nelson’s medical records, which were attached to her affidavit as “Exhibit A,” and the deposition of Nurse Janet Hughes, which was attached as “Exhibit B.” Elba General moved the trial court to strike the affidavit on the basis that it referenced extraneous medical records and deposition testimony that were not included with the affidavit. The trial court granted the motion to strike, citing as authority Pettigrew v. LeRoy F. Harris, M.D., P.C., 631 So.2d 839 (Ala.1993).
Nelson never challenged Lepore’s affidavit. It is well established that “[a] party must move the trial court to strike any nonadmissible evidence that violates Rule 56(e),” and that “[flailure to do so waives any objection on appeal and allows this Court to consider the defective evidence.” Chatham v. CSX Transp., Inc., 613 So.2d 341, 344 (Ala.1993). In addition, I find it significant that in his appellate brief Nelson failed to question the admissibility of Lepore’s affidavit. Failure to argue an issue results in a waiver of that issue and precludes it from consideration on appeal. Boshell v. Keith, 418 So.2d 89 (Ala.1982).
I cannot agree with the majority’s reasoning that this court’s consideration of the evidence contained in Lepore’s affidavit would create a “gross miscarriage of justice.” Nelson has not produced a particle of evidence to indicate that consideration of Lepore’s affidavit would result in a “gross miscarriage of justice” and he has made no such argument in his brief to this court. There is no evidence that the decedent experienced respiratory distress because the oxygen concentrator was turned off, and there is no evidence that its being turned off hastened his death.
The majority has omitted a portion of the trial court’s judgment that I found extremely helpful in my review. The judgment set forth the following facts leading to the judge’s conclusion that Nelson had failed to provide substantial evidence in support of his allegations:
“The decedent, Orice Nelson, ... was an 81 year old man who was a resident of the Elba General Hospital and Nursing Home. He suffered from chronic obstructive pulmonary disease (COPD) and was in the end stage of said disease. His doctor ordered that the decedent be placed on continuous oxygen for palliative care. On October 28, 1996, the decedent was transferred [by Dr. Dyess] from Elba Nursing Home to Elba Hospital for respiratory distress and being unresponsive.... He remained in the hospital until January 14, 1997. At the time of the decedent’s return to the Nursing Home, Dr. Dyess wrote that the decedent had been in the hospital for acute TIA with secondary respiratory distress and near death. The decedent continued at high risk and noted that the decedent’s family had executed a ‘Do Not Resuscitate Authorization.’ The doctor further noted that the decedent appears to be on the brink of death and that he was transferred back to the nursing home having reached maximum hospital benefit and was fully aware of his end stage status. The doctor ended his report by stating the decedent is terminal. On the morning of January 16, 1997, the decedent’s son discovered that the oxygen being provided to the decedent was turned off. Upon discovery, the oxygen was turned back on. The decedent died later that day. On *308 January 16, 1997, after the death of Mr. Nelson, Dr. Dyess wrote that the cause of death was acute congestive heart failure superimposed on COPD and probable early pneumonitis. In his notes on January 17, 1997, Dr. Dyess noted that the decedent continued to deteriorate and struggle after his return to the nursing home.
“The Defendant has made a prima facie showing of a lack of proximate cause and the Plaintiff has failed to provide substantial evidence to support his position. Therefore, there being no genuine issue as to any material fact[,] ... the Defendants are entitled to a judgment as a matter of law. IT IS ORDERED that summary judgment is entered in favor of Defendants against the Plaintiff....”
I conclude that the trial court’s reasoning is sound. I would affirm its judgment.
CRAWLEY, J., concurs.