After Remand From The Supreme Court

YATES, Presiding Judge.
The Alabama Supreme Court has reversed this court’s judgment of November 17, 2000, and has remanded the case. See Ex parte Elba General Hospital & Nursing Home, Inc., 828 So.2d 308 (Ala.2001). On remand, this court is to address the issues whether the trial court properly *316 struck the affidavit submitted by Valerie Hamilton and whether Gerald Nelson presented substantial evidence of proximate cause.
As we stated in our opinion, Nelson v. Elba General Hospital & Nursing Home, Inc., 828 So.2d 301 (Ala.Civ.App.2000) (“Nelson I”), the facts surrounding Orice Nelson’s death are as follows:
“Orice Nelson, age 81, was a resident of Elba General when he died. He suffered from chronic obstructive pulmonary disease, congestive heart failure, and hypertension. While Orice was a resident at Elba General, his physician ordered that he receive two liters of oxygen per minute continuously via nasal cannula. On the morning of the day Orice died, his son discovered that the oxygen concentrator providing Orice with continuous oxygen was not operating. The concentrator was promptly turned back on by a nurse employed by Elba General. Later that day, Orice’s physician made preparations to readmit Orice to the hospital for treatment of pneumonia. During this time, Orice ceased breathing. Because Orice’s family had signed a ‘do not resuscitate’ order, the hospital did not resuscitate him and he died.”
828 So.2d at 303.
Gerald Nelson, as executor of his father’s estate, sued Elba General Hospital and Nursing Home, Inc. (“Elba General”), alleging negligence and wantonness. Elba General moved for summary judgment.
“In support of its motion for a summary judgment, Elba General submitted the affidavit of a registered nurse [Marie Lepore], who was also the director of nursing for the nursing home at Elba General. She testified in her affidavit that she was familiar with the standard of care that exists in the field of medicine applicable to registered nurses. She also testified that she had reviewed Orice’s medical records. The nurse opined that all of the medical services provided to Orice were performed within the standard of care to be exercised by registered nurses practicing in the national medical community and that at no time did Elba General or any of its employees deviate from the standard of care exercised by similarly situated health-care providers practicing in the national medical community under the same or similar circumstances. She further opined that neither Elba General nor any of its employees had caused or contributed to Orice’s death.”
Nelson I, 828 So.2d at 303-04.
In opposition to Elba General’s motion, Nelson presented the affidavits of Valerie Hamilton, a registered nurse and nursing-home administrator, and of Carolyn Hudson, a licensed practical nurse. Hamilton testified in her affidavit that she had reviewed the medical files in this case along with the deposition testimony of Nurse Janet Hughes, and had concluded that allowing Orice’s oxygen to be turned off “would be a breach of the standard of care of the nurse health providers providing care and treatment to Mr. Nelson.” Janet Hughes was employed at Elba General and testified in her deposition that “the oxygen being administered to Nelson had been turned off.” Hudson stated in her deposition that she worked for Elba General and that she was one of the hospital personnel assigned to care for Orice. She stated that “from the time of [Orice] Nelson’s admission to the nursing home until his death, the nursing home had medical orders from Dr. Lance K. Dyess, [Orice] Nelson’s physician, for [him] to be administered oxygen at two liters per minute via nasal cannula, continuous.” She further stated that allowing the oxygen to be *317 turned off for an unknown period of time, and not discovering that the oxygen had been turned off, “was not only careless, but was gross negligence.”
Elba General moved to strike both Hamilton’s and Hudson’s affidavits. The trial court granted the motion to strike Hamilton’s affidavit, stating:
“The affiant refers to medical records in her affidavit, however, no medical records are attached to the affidavit. Pettigrew v. Leroy F. Harris, M.D., P.C., 631 So.2d 839 (Ala.1993). The affiant also refers to a deposition of Janet Hughes which was not attached to the affidavit.”
(C.R.412).
The trial court further stated:
“The Defendants Motion to Strike the affidavit of Carolyn Hudson, LPN, is based on the lack of qualification of the affiant to proffer opinions on medical causation. While the affiant may give evidence concerning the standard of care applicable to licensed practical nurses and her personal knowledge and observations, her expressed opinions concerning gross negligence and causation of the decedent’s death is prohibited as that is the ultimate issue in the case. Yarborough v. Springhill Memorial Hospital, 545 So.2d 32 (Ala.1989). The Defendant’s Motion to Strike the Affidavit of Carolyn Hudson is granted insofar as her affidavit expresses an opinion on the ultimate issue of a case.”
Nelson argues on appeal that the trial court erred in striking Hamilton’s affidavit. He makes no argument regarding that part of the trial court’s order striking a portion of Hudson’s affidavit.
In Pettigrew v. Harris, 631 So.2d 839 (Ala.1993), the Pettigrews sued Dr. Harris,[1] alleging medical negligence. Dr. Harris filed a motion for a summary judgment, supported by “ ‘expert testimony in his behalf (albeit his own opinion), establishing lack of negligence.’ ” 631 So.2d at 841, quoting Swendsen v. Gross, 530 So.2d 764, 768 (Ala.1988). In opposition to the motion, the Pettigrews presented the testimony of Dr. Daniel M. Musher, who stated in his affidavit that the care Dr. Harris provided was substandard. Dr. Musher’s testimony was based on his review of Donald Pettigrew’s medical records. However, the medical records were not attached to the affidavit, “nor was a foundation laid for the admissibility of the records into evidence.” 631 So.2d at 840. The supreme court stated:
“Rule 56(e) governs what must be filed with affidavits in support of, and in opposition to, a motion for summary judgment:
“ ‘(e) Form of affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this *318 rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall not be entered against him.’
“(Emphasis added.)
“The Pettigrews focus on the first emphasized portion of Rule 56(e). They contend that the hospital records relied upon by Dr. Musher would be admissible at trial, and, therefore, that the affidavit complies with the rule and should be considered in opposition to Dr. Harris’s motion for summary judgment. However, it is the second emphasized portion of the rule that is at issue. That sentence is a mandatory provision. That sentence provides that ‘sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.’ ‘The total absence of copies of the [hospital] records referred to by [Dr. Musher] rendered inadmissible [his] statements based on [those] documents.’ Ex parte Head, 572 So.2d 1276, 1281 (Ala.1990).”
Pettigrew, 681 So.2d at 841.
In Waites v. University of Alabama Health Services Foundation, 638 So.2d 838 (Ala.1994), the supreme court addressed the question whether Waites, whose expert had based his opinion on “medical records which were not in evidence, properly authenticated, or attached to or served with the affidavit,” had properly supported his motion in opposition to a summary judgment. The court stated:
“This Court, in Ex parte Head, 572 So.2d 1276 (Ala.1990), held that ‘the requirements of Rule 56(e) are mandatory.’ Although the Head decision dealt with the provisions of Rule 56(e) requiring that the affidavit ‘be made on personal knowledge’ and that it ‘set forth such facts as would be admissible in evidence,’ our holding that the requirements of Rule 56(e) are mandatory certainly can not be limited to those two requirements. Indeed, the two further requirements — that the affidavit ‘show affirmatively that the affiant is competent to testify to the matter stated therein’ and that ‘[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith’ — are no less critical in testing the propriety of an affidavit in support of, or in opposition to, a summary judgment motion.
“We hold, therefore, that because no medical records were attached to or served with the affidavit of Dr. Kir-shenbaum, the affidavit was properly disregarded by the trial court. Consequently, Waites, as a matter of law, did not rebut the defendants’ properly supported summary judgment motion by presenting substantial evidence creating a prima facie case of medical negligence on the part of the defendant doctors; thus, the trial court correctly entered the summary judgment in favor of the defendants.”
638 So.2d at 842.
In the present case, Nelson failed to “attach thereto or serve therewith” Or-ice’s medical records and the deposition of Nurse Janet Hughes to Hamilton’s affidavit submitted in opposition to Elba General’s motion for a summary judgment. Rule 56(e), Ala. R. Civ. P. Nelson argues that, because Elba General included a copy of Orice’s medical records along with its motion for summary judgment, it was unnecessary for him to independently attach those records to his submission in opposition to the motion. Nelson further argues that Hamilton did not have to rely on the testimony of Janet Hughes to support the statement that Orice’s oxygen had been turned off, because Marie Lepore’s affida *319 vit includes testimony that the oxygen had been turned off. Based on the authority of Pettigrew and Waites, we cannot agree. Nelson is not excused from the mandatory provisions of Rule 56 simply because Elba General included medical records with its motion for a summary judgment, or because there was evidence, other than Janet Hughes’s deposition, to support the statements Hamilton relied on in her affidavit.
We must now address whether Hudson’s affidavit, after removing those portions struck by the trial court regarding gross negligence and causation, was sufficient to create a genuine issue of material fact so as to defeat Elba General’s summary-judgment motion. Hudson testified that Orice’s physician ordered that he be given continuous oxygen. She further stated that she saw Orice on January 15, 1997, the day before his death, and that he was “conscious and alert,” and that the oxygen was turned on. This testimony alone is insufficient to show that Orice’s life was shortened by any wrongful act on the part of Elba General.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ, concur in the result.

. Although the action was against Dr. Harris's professional corporation, the supreme court referred to the defendant in that case as “Dr. Harris,” and we will as well.